IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.: 4-22-cv-184 |
| COLLIN COMMUNITY COLLEGE DISTRICT, a political subdivision of the State of Texas; BOARD OF TRUSTEES OF COLLIN COMMUNITY COLLEGE, a political subdivision of the State of Texas; H. NEIL MATKIN, in his individual and official capacities as President of Collin College; ABE JOHNSON, in his individual and official capacities as Senior Vice President of campus Operations of Collin College; MARY BARNES-TILLEY, in her individual and official capacities as Provost of Collin College; KRISTEN STREATER, in her individual and official capacities as Dean of Collin College; and CHAELLE O'QUIN, in her individual and official capacities as Associate Dean of Academic Affairs of Collin College. | § § § § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

## MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 12(c) and/or 12(b)(6), Defendants Collin County Community College District, legally known as Collin College (misnamed by Plaintiff as Collin Community College District), the Board of Trustees of Collin Community College [sic], and H. Neil Matkin in his official capacity (collectively, the "Moving Defendants") file the following Motion for Judgment on the Pleadings and/or to Dismiss for Failure to State a Claim seeking dismissal of the fifth cause of action asserted in Plaintiff's Complaint for Civil Rights Violations [Dkt. 1].

# I.
# INTRODUCTION

1.1     Plaintiff is Joseph Michael Phillips, a former professor at Collin College. Dkt. 1, ¶¶ 15-19. Based on the allegations in his Complaint, Phillips "brings this First Amendment lawsuit because the College and its administrators are violating his constitutional rights by retaliating against him for speaking as a private citizen about public issues." Dkt. 1, ¶ 2. The Complaint asserts seven causes of action against Collin College, the College's Board of Trustees, and the individual Defendants in their official and individual capacities. See Dkt. 1, ¶¶ 160-230. Relevant to this motion to dismiss, Plaintiff's Fifth Cause of Action sues Collin College, the College's Board of Trustees, and President Matkin in his official capacity for an alleged unconstitutional prior restraint on faculty speech in violation of the First Amendment. Dkt. 1, ¶¶ 200-214.

1.2     Because, as detailed below, the Complaint does not allege a plausible prior restraint claim, the Court should dismiss Plaintiff's Fifth Cause of Action pursuant to Fed. R. Civ. P. 12(c) and/or 12(b)(6).

# II.
# FACTS RELEVANT TO DISMISSAL

2.1     According to Plaintiff's Complaint:

> 39.     On August 3, 2019, a former Collin College student opened fire in a Walmart in El Paso, Texas, targeting Mexican patrons.
>
> 40.     Later that week, on August 6, Phillips granted an interview to a *Washington Post* reporter.
>
> 41.     The interview concerned his area of expertise-race relations in the Dallas area – to provide context for the story of the El Paso gunman.
>
> 42.     The gunman was not a student of Phillips's and Phillips had no confidential knowledge or other inside information relating to the gunman.

> 43. Speech about a mass shooting is speech on a matter of public concern.
>
> 44. Phillips spoke as a private citizen in his interview with the *Washington Post* reporter and did not purport to speak on behalf of Collin College.
>
> 45. The *Washington Post* did not characterize Phillips as speaking on behalf of Collin College in his interview.
>
> 46. On August 4, 2019, President Matkin emailed the Collin College community concerning the incident, as it involved a former student, and issued a directive to "[p]lease refer all press inquiries you may receive to Marisela Cadena-Smith," a member of the College's Public Relations department, or to President Matkin's office.

Dkt. 1, ¶¶ 39-46.

2.2   Matkin's August 4, 2019 email (referenced in ¶ 46 above), according to Plaintiff's Complaint, is an unconstitutional prior restraint of speech and forms the bases of Plaintiff's Fifth Cause of Action:

> 207. President Matkin's policy, as explained in his 2019 directive and enforced by Collin College administrators who disciplined Phillips for failing to bring his concerns through the "proper channels," prohibits Collin College faculty from speaking as private citizens on matters of public concern where the matters might draw criticism to the College, or where the faculty member themselves is criticizing the College.

Dkt. 1, ¶ 207.

2.3   Although Matkin's email is central to Plaintiff's Fifth Cause of Action, it is not attached to the Complaint. It is attached here, and reads in its entirety:

> Friends,
>
> The press has reached out to multiple campus administrators and district personnel regarding the El Paso shooting. At this time, it is believed that the shooter was a college student as late as spring 2019.

> I have issued a statement as follows (forgive the size – working from home): [attached]
>
> Please refer all press inquiries you may receive to Marisela Codena-Smith at mcsmith@collin.edu or by phone to the president's office (972-758-3800). Any law enforcement personnel should be referred to Chief Bill Taylor at wtaylor@collin.edu or by phone to the president's office.
>
> Please keep the El Paso (and also the Ohio) victims and their [families] in your thoughts and prayers.
>
> Thank you all,
>
> Neil

2.4  In addition to Matkin's above email, Plaintiff's Complaint also alleges the following is an unconstitutional prior restraint:

> 208. Collin College's policy, as approved by the Board, also restricts faculty before they have even spoken by requiring that they "exercise appropriate restraint, exhibit tolerance for differing opinions, and indicate clearly that they are not an official spokesperson for the College District" when they speak as private citizens.
>
> 209. Collin College's policy, as approved by the Board, also restricts faculty before they have even spoken by requiring that statements made publicly "bring credit to the College District" when they speak as private citizens.

Dkt. 1, ¶¶ 208-209.

### III.
### ARGUMENT FOR DISMISSAL

**A.   Rule 12(c) and 12(b)(6) Standards**

3.1  "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone*

*Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

3.2     "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

3.3     A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. C IV. P. 12(b)(6). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3.4     When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Here, the Court may consider President Matkin's August 4, 2019 email attached to this motion. The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

3.5  In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

3.6  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### B. Plaintiff's Fifth Cause of Action is not Plausible

3.7  Plaintiff's Fifth Cause of Action sues the Moving Defendants for an alleged unconstitutional prior restraint of his First Amendment speech. However, this claim is not plausible on the face of the Complaint and Dr. Matkin's attached email. "The term 'prior restraint' is used to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S.

544, 550 (1993); *Gibson v. Tex. Dep't of Ins. – Div. of Workers' Comp.*, 700 F.3d 227, 235 (5th Cir. 2012). There is a clear distinction "solidly grounded in our cases, between prior restraints and subsequent punishments." *Id.*

3.8    Here, in contrast to a "prior restraint," neither Dr. Matkin's email nor the board policies referenced in the Complaint *forbid* Phillips or any other faculty member from talking to the media or requiring prior approval to do so. Rather, the email simply asks faculty to refer any media or law enforcement inquiries about the El Paso shooting to the administration. This does not forbid faculty from talking or expressing their views; it simply asks for a "head's up" to the college's leaders regarding a sensitive campus issue as well as a high profile and on-going state and federal law enforcement (including the FBI) issue. Further, asking faculty members to "exercise appropriate restraint" and to "exhibit tolerance for differing opinions" is not an unconstitutional prior restraint; again, such policies do not forbid faculty from engaging in any expressive activities.

3.9    Because the email/policies complained of are not unconstitutional prior restraints, Plaintiff's Fifth Cause of Action is not plausible and should be promptly dismissed.

## IV.
## CONCLUSION AND PRAYER

4.1    For these reasons, the Moving Defendants ask this Court to dismiss Plaintiff's Fifth Cause of Action asserted in Plaintiff's Complaint for Civil Rights Violations [Dkt. 1] pursuant to Fed. R. Civ. P. 12(c) and/or 12(b)(6).

Respectfully submitted,

ABERNATHY, ROEDER, BOYD & HULLETT, P.C.

*/s/ Charles J. Crawford*
**Richard Abernathy**

State Bar No. 00809500
**Charles J. Crawford**
State Bar No. 05018900
**Lucas C. Henry**
State Bar No. 24101901
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS COLLIN COLLEGE AND H. NEIL MATKIN**

And

**Robert J. Davis**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
Telephone: (972) 234-3400
Facsimile: (972) 234-1750
bdavis@mssattorneys.com

**ATTORNEY FOR DEFENDANT BOARD OF TRUSTEES**

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022 a true and correct copy of Motion for Judgment on the Pleadings and/or to Dismiss for Failure to State a Claim was served upon all counsel of record by the Court's ECF system.

*/s/ Charles J. Crawford*
Charles J. Crawford