**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL PHILLIPS, | |
| *Plaintiff,* | |
| v. | Civil Action No.: 4:22-cv-184-ALM |
| COLLIN COMMUNITY COLLEGE DISTRICT, *et al.*, | |
| *Defendants.* | |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS AND/OR TO DISMISS**

GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015;
CA Bar. No. 343028
KATLYN A. PATTON*
OH Bar No. 97911; PA Bar No. 328353
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
greg.greubel@thefire.org
katlyn.patton@thefire.org
*Admitted *Pro Hac Vice*

ROBERT W. SCHMIDT
TX Bar No. 17775429
CREWS LAW FIRM, P.C.
701 Brazos Street; Suite 900
Austin, TX 78701
Tel: (512) 346-7077, Ext. 103
schmidt@crewsfirm.com

*Counsel for Plaintiff Joseph Michael Phillips*

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

I.  Defendants' Policies Serve As Prior Restraints Because They Restrain a Broad
    Category of Employees from Speaking on Matters of Public Concern Before They
    Speak. ................................................................................................................... 2

II. *Waters* Does Not Apply to Phillips's Claim Because There is No Dispute About
    the Content of Phillips's Speech. .......................................................................... 4

III. Phillips Has Standing to Enjoin Defendants' Policies Because He Is Seeking
    Reinstatement. ....................................................................................................... 6

CONCLUSION ................................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. United States*,
   509 U.S. 544 (1993) ...........................................................................................2

*Levin v. Madigan*,
   697 F. Supp. 2d 958 (N.D. Ill. 2010) ................................................................7

*Liverman v. City of Petersburg*,
   844 F.3d 400 (4th Cir. 2016) .............................................................................3

*Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*,
   No. CV 19-11793, 2020 WL 4471519 (E.D. La. Aug. 4, 2020)., ......................6

*Piggee v. Carl Sandburg Coll.*,
   464 F.3d 667 (7th Cir. 2006) .............................................................................7

*Salge v. Edna Indep. Sch. Dist.*,
   411 F.3d 178 (5th Cir. 2005) ..........................................................................1,5

*Tolton v. Day*,
   No. CV 19-945, 2020 WL 2542129 (D.D.C. May 19, 2020)...........................7

*United States v. Nat'l Treasury Emps. Union*,
   513 U.S. 454 (1995) ...........................................................................................1

*Waters v. Churchill*,
   511 U.S. 661 (1994) ...........................................................................................5

**Other Authorities**

WashPostPR, *More than 92 million people visited The Washington Post in August 2019*,
   Washpost PR Blog (Sept. 17, 2019) ..................................................................4

Under Local Rule CV-7(f), Plaintiff Michael Phillips respectfully submits this sur-reply in further opposition to Defendants Collin College, the Board of Trustees of Collin College, and President H. Neil Matkin's (the "Moving Defendants") Motion for Judgment on the Pleadings and/or to Dismiss for Failure to State a Claim (Dkt. #23, Defs.' Mot. to Dismiss).

## <u>INTRODUCTION</u>

Buried in a footnote to their reply brief lies the nub of the Moving Defendants' argument: They require discovery to disprove the factual allegations regarding Phillips's Fifth Cause of Action, which challenges Defendants' policies as a prior restraint. (Dkt. #31, Defs.' Reply to Pl.'s Opp'n to Individual Defs.' Mot. to Dismiss. (Defs.' Reply Br.) ¶ 4 n. 1.) By conceding the need for discovery, the Moving Defendants implicitly acknowledge that—taking the facts alleged in the Complaint as true, as this Court must at this stage in the proceeding—Phillips has stated a valid claim for relief. For this reason alone, the Court should deny Defendants' motion.

But Moving Defendants' other arguments on reply fare no better either. First, the Moving Defendants misconstrue the applicable standard for "prior restraint" and the scope of protected speech under *United States v. National Treasury Employees Union (NTEU)*, 513 U.S. 454 (1995). Second, Moving Defendants' reliance on *Waters v. Churchill*, 511 U.S. 661 (1994) is misplaced because that precedent only applies when "a plaintiff-employee's First Amendment retaliation claim rests on a disputed version of his speech … [,]" which does not (and cannot at this stage) exist. *See Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 185 (5th Cir. 2005). Finally, by ignoring that Phillips has alleged a continuing injury for which he seeks reinstatement, the Moving Defendants err in asserting that Phillips lacks standing to enjoin Defendants' policies. This Court can enjoin the challenged policies if it finds in favor of Phillips and orders reinstatement.

I.      **Defendants' Policies Serve as Prior Restraints Because They Restrain a Broad Category of Employees from Speaking on Matters of Public Concern Before They Speak.**

Moving Defendants argue that the challenged policies do not prohibit employee speech before it occurs, but the Court must take all facts alleged in the Complaint as true. Most relevant to this Motion, the Court must take as true Phillips's allegations that the challenged policies "**restrict[] faculty before they have even spoken**" by requiring that they:

(1) "exercise appropriate restraint, exhibit tolerance for differing opinions";

(2) "indicate clearly that they are not an official spokesperson for the College District"; and

(3) "bring credit to the College District when they speak as private citizens."

(Dkt. #1, Compl. ¶¶ 207–09) (emphasis added).

Instead of engaging with these facts and the proper legal standard, Moving Defendants insist that the challenged policies do not meet the definition of "prior restraint" from *Alexander v. United States*, 509 U.S. 544, 550 (1993) ("The term prior restraint is used 'to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur.'" (quoting M. Nimmer, Nimmer on Freedom of Speech § 4.03, pp. 4–14 (1984))). Although *Alexander* does not provide the proper standard for this case because it is outside the employment context, Phillips has clearly alleged that the challenged policies are governmental orders forbidding certain communications (specifically criticism of the College) "in advance of the time that such communications are to occur" because the College vigilantly enforces the challenged policies to censor employees, like Phillips, who criticize the College. Phillips's case illustrates that the College takes these orders seriously and will terminate faculty that fail to comply. Indeed, the challenged policies literally require Collin College employees to "**exercise appropriate restraint**" before they speak as private citizens.

2

(Dkt. #1, Compl. ¶ 208) (emphasis added). Thus, Phillips has pled a prior restraint as defined in *Alexander*.

However, the proper standard the Court should apply is provided by *NTEU*. As detailed in Plaintiff's opposition brief, the Supreme Court, Fifth Circuit, and district courts across the country recognize that the *NTEU* standard applies when a public employer broadly restricts employees from engaging in speech on matters of public concern—the precise situation here. (Dkt. #27, Pl.'s Opp'n to Defs. Mot. to Dismiss, pp. 12–17 of 19).

Courts describe policies restraining employee speech as "prior restraints" because they restrict what an employee may say on a matter of public concern **before they have even spoken**. In *Liverman v. City of Petersburg*, the Fourth Circuit considered the constitutionality of a police department's social media policy that prohibited officers from making a post "that would tend to discredit or reflect unfavorably upon the [employer]." 844 F.3d 400, 408 (4th Cir. 2016). The Fourth Circuit explained the logic behind the use of the term "prior restraint" from the *NTEU* standard, explaining that "the Supreme Court addressed how courts should apply *Pickering* when a generally applicable statute or regulation (as opposed to a post-hoc disciplinary action) operates as a **prior restraint on speech**. . . . Emphasizing that the [employer's regulation] impeded a 'broad category of expression' and '**chills potential speech before it happens**. . . .'" *Id.* at 407 (emphasis added).

Here, Phillips has alleged that the challenged policies chill speech before it happens by placing conditions on faculty speech on matters of public concern. (Dkt. #1, Compl. ¶¶ 207-9). Like the police department's unconstitutionally overbroad social media policy prohibiting speech that would "tend to discredit" the department on any topic in *Liverman*, the challenged policies make clear that Phillips was not permitted to criticize the College publicly on any topic because

3

he must "support the goals and ideals of the College District" and "act in public affairs in such a manner as to bring credit to the College District." (Dkt. #1, Compl. ¶¶ 178, 208). Because the challenged policies restrict speech on matters of public concern before it occurs and prescribe how employees may talk about the College, Phillips has sufficiently pled a cause of action under the *NTEU* standard and its progeny.

## II. *Waters* Does Not Apply to Phillips's Claim Because There Is No Dispute About the Content of Phillips's Speech.

Next, Moving Defendants rely on *Waters v. Churchill* to argue that their decision to terminate Phillips cannot be "second-guessed" because Collin College conducted an investigation before terminating Phillips and had an interest in "avoiding the disruption to its educational mission and operations that follows such association with a mass shooting incident . . ." (Dkt. #31, Reply Br. ¶ 5). Effectively, Moving Defendants claim that their "investigation" allowed them to determine that their interest in controlling the release of "facts" concerning a former student who committed a mass shooting outweighed Phillips's rights to inform the public about the history of race relations in Dallas and of his potential audience—a group of millions[1] of Americans reading the *Washington Post*—to be informed of this history. Once again, Moving Defendants' argument is based upon a strained reading of binding precedent.

In *Waters*, a public employer terminated an employee for criticizing her work environment, but the parties disputed the nature of the speech that led to her termination. The dispute was crucial because "the difference between the two versions of the employee's speech was determinative, as one version implicated protected speech and the other did not." *Salge*, 411

---

[1] More than 92 million people accessed the *Washington Post* digitally in August 2019, the month Phillips appeared in his capacity as an expert in race relations in Texas. WashPostPR, *More than 92 million people visited The Washington Post in August 2019*, Washpost PR Blog (Sept. 17, 2019), https://www.washingtonpost.com/pr/2019/09/17/more-than-million-people-visited-washington-post-august/ [https://perma.cc/3X93-4PMF].

F.3d at 185. Reviewing the dispute, the Court posed the question in *Waters* as: "Should the court apply the *Connick* [balancing] test to the speech as the government employer found it to be, or should it ask the jury to determine the facts for itself?" *Waters v. Churchill*, 511 U.S. 661, 668 (1994)*.* The Court concluded that a public employer's determination of the factual content of an employee's speech should be given substantial deference if it is the product of a reasonable investigation. *Id.* at 678.

The Fifth Circuit has recognized that *Waters* only applies when "a plaintiff-employee's First Amendment retaliation claim rests on a disputed version of his speech . . . ." *Salge*, 411 F.3d at 185. In *Salge*, a high school superintendent terminated a secretary for speaking to a journalist about the resignation of a principal. *Id.* The superintendent relied on *Waters* to argue that his decision was entitled to deference because he took steps to form a "reasonable belief" that the secretary violated "the school's confidentiality and media policies and had provided false information to the newspaper . . . ." *Id.* As an initial matter, the Fifth Circuit observed that:

> Whether the speech in question violates an employer's policy has no relevance to whether the subject matter of the speech is on a matter of public concern. Whether an employee's speech is true or false also plays no role in the determination whether the speech concerned a matter of public interest.

*Id.* Next, the Fifth Circuit explained that *Waters* did not insulate the superintendent's decision based on his "reasonable belief" that the speech violated the policy because there was no dispute about the content of the secretary's speech as he understood it. The speech was on a matter of public concern, and was therefore protected. *Id.* at 192.

There is no dispute about the content of Phillips's speech as published by the *Washington Post*. Like *Salge*, where the parties did not dispute that the secretary's speech was on a matter of public concern, there is no dispute that the content of Phillips's speech—which is still available and subject to judicial notice—was on a matter of public concern. Moreover, Moving Defendants

are prohibited from introducing a disputed version of Phillips's speech at this stage. Finally, Moving Defendants appear to believe that Phillips provided "inaccurate information" to the *Washington Post*. The parties do not agree on much, but Phillips agrees with Moving Defendants that discovery into the reason for Collin College's punishments of Phillips would be extremely helpful in resolving his claims. Because there is no dispute about the content of Phillips's protected speech, *Waters* does not compel dismissal of his claims.

### III.   Phillips Has Standing to Enjoin Defendants' Policies Because He Is Seeking Reinstatement.

Moving Defendants' argument that Phillips lacks standing because he is no longer employed at Collin College is without merit. (Dkt. #31, Reply Br. ¶ 7).  Because Phillips is seeking reinstatement, Phillips has standing to enjoin policies he would be subjected to if he prevails on his claim.

Caselaw within this Circuit and across the country unambiguously supports the position that Phillips has standing to seek declaratory and injunctive relief. As recently as August 2020, the Eastern District of Louisiana ruled that "because Plaintiffs seek reinstatement, they have standing to seek a permanent injunction and declaratory judgment, though such relief may only be granted if coupled with reinstatement." *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. CV 19-11793, 2020 WL 4471519, at *2 (E.D. La. Aug. 4, 2020). Because "equitable relief remains available if reinstatement is granted," terminated employees seeking reinstatement have standing to seek declaratory and injunctive relief. *Id*. As one court explained, "If Plaintiff's employment is reinstated, he may indeed be subject to the same allegedly [unlawful] policy that he challenges in this lawsuit. To the extent that Plaintiff seeks an injunction requiring Defendants to cease engaging in [unlawful] discrimination, such relief would remedy a harm that Plaintiff is likely to suffer again." *Levin v. Madigan*, 697 F. Supp. 2d

958, 975 (N.D. Ill. 2010); *see also Tolton v. Day*, No. CV 19-945, 2020 WL 2542129, at *37–38 (D.D.C. May 19, 2020) (recognizing that plaintiff seeking reinstatement has standing to seek such relief and that the request for such relief is sufficient to reject a defendant's motion for judgment on the pleadings based on standing). Phillips can show direct injury—namely, the termination of his long-term employment at Collin College and the prospect of not being reinstated as a result of this action.

Defendants' reliance on *Piggee v. Carl Sandburg College*, 464 F.3d 667 (7th Cir. 2006) is misplaced. This case stands for the proposition that a terminated employee lacks standing to sue their former employer if no relationship exists between the parties at the commencement of the action. However, this point is irrelevant to this case because Phillips seeks reinstatement to his previous position with Collin College and an injunction restraining the College from enforcing the challenged policies when he returns, establishing both a present relationship between the parties and a remedy. (Dkt. #1, Compl. ¶ 11).

Moreover, *Piggee* is distinguishable because it was decided at the summary judgment stage, and the Seventh Circuit viewed the plaintiff's prospect of future injury as "too remote" to establish standing. *Id.* at 673. At this stage, Phillips clearly has alleged that he will be entitled to reinstatement based upon the undisputed facts in the Complaint. If the Court reinstates Phillips but fails to enjoin the challenged policies, then Phillips would once again be subject to these unconstitutional policies and muzzled from publicly criticizing the College on threat of termination. Because Phillips is seeking reinstatement and injunctive relief, he has met the requirements for standing to challenge the College's unconstitutional policies.

## <u>CONCLUSION</u>

For the foregoing reasons and those detailed in Phillips's opposition brief, this Court should deny the Moving Defendants' Motion for Judgment on the Pleadings and/or to Dismiss the Fifth Cause of Action.

Respectfully submitted,

<u>/s/ Greg H. Greubel</u>
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015;
CA Bar. No. 343028
KATLYN A. PATTON*
OH Bar No. 97911; PA Bar No. 328353
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
greg.greubel@thefire.org
katlyn.patton@thefire.org
*Admitted *Pro Hac Vice*

<u>/s/ Robert W. Schmidt</u>
Robert W. Schmidt
TX Bar No. 17775429
CREWS LAW FIRM, P.C.
701 Brazos Street; Suite 900
Austin, TX 78701
Tel: (512) 346-7077, Ext. 103
schmidt@crewsfirm.com

*Counsel for Plaintiff Michael Phillips*

Date: July 14, 2022

## <u>CERTIFICATE OF SERVICE</u>

Plaintiff's counsel confirms that a true and correct copy of the foregoing was served via the Court's electronic filing system on this day, July 14, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below and parties may access this filing through the Court's electronic filing system.

Charles Joseph Crawford
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4000
ccrawford@abernathy-law.com

Richard Mercer Abernathy
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4040
rabernathy@abernathy-law.com

Lucas Christopher Henry
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4040
lhenry@abernathy-law.com

*Counsel for Defendants Collin Community College District, H. Neil Matkin, Abe Johnson, Mary Barnes-Tilley, Kristen Streater, and Chaelle O'Quin*

Robert Jacob Davis
MATTHEWS SHIELS KNOTT EDEN DAVIS & BEANLAND LLP - DALLAS
8131 LBJ Freeway, Ste. 700
Dallas, TX 75251
Tel: (972) 234-3400
bdavis@mssattorneys.com

Joseph Bailey McShane, IV
MATTHEWS SHIELS KNOTT EDEN DAVIS & BEANLAND LLP - DALLAS
8131 LBJ Freeway, Ste. 700
Dallas, TX 75251
Tel: (972) 234-3400
bmcshane@mssattorneys.com

*Counsel for Defendant Board of Trustees of Collin Community College District*

Greg H. Greubel
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
greg.greubel@thefire.org

Robert W. Schmidt
CREWS LAW FIRM, PC
701 Brazos, Ste. 900
Austin, TX 78701
Tel: (512) 346-0007
schmidt@crewsfirm.com

Katlyn A. Patton
FOUNDATION FOR INDIVIDUAL RIGHTS AND
   EXPRESSION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
katlyn.patton@thefire.org

Joshua T. Bleisch
FOUNDATION FOR INDIVIDUAL RIGHTS AND
   EXPRESSION
700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
Tel: (215) 717-3473
josh.bleisch@thefire.org

*Counsel for Plaintiff Joseph Michael Phillips*

Dated: July 14, 2022

                                     */s/ Greg H. Greubel*
                                     Greg H. Greubel