IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.: 4-22-cv-184 |
| COLLIN COMMUNITY COLLEGE DISTRICT, a political subdivision of the State of Texas; BOARD OF TRUSTEES OF COLLIN COMMUNITY COLLEGE, a political subdivision of the State of Texas; H. NEIL MATKIN, in his individual and official capacities as President of Collin College; ABE JOHNSON, in his individual and official capacities as Senior Vice President of campus Operations of Collin College; MARY BARNES-TILLEY, in her individual and official capacities as Provost of Collin College; KRISTEN STREATER, in her individual and official capacities as Dean of Collin College; and CHAELLE O'QUIN, in her individual and official capacities as Associate Dean of Academic Affairs of Collin College. | § § § § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

## JOINT REPORT OF ATTORNEY CONFERENCE

Plaintiff Joseph Michael Phillips ("Plaintiff") and Defendants Collin County Community College District, the Board of Trustees of Collin County Community College District, H. Neil Matkin, in his individual and official capacities as President of Collin College, Abe Johnson, in his individual and official capacities as Senior Vice President of Campus Operations of Collin College, Mary Barnes-Tilley, in her individual and official capacities as Provost of Collin College, Kristen Streater, in her individual and official capacities as Dean of Collin College, and Chaelle O'Quin, in her individual and official capacities as Associate Dean of Academic Affairs of Collin

College (collectively, "Defendants"), having conferred on July 12, 2022, pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Governing Proceedings [Dkt. 30], hereby submit the following *Joint Report of Attorney Conference*:

**1.     Brief Factual and Legal Synopsis of the Case.**

  **Plaintiff's Contentions:**

Plaintiff Michael Phillips began his career as a history professor at Collin College in 2007, specializing in the history of American race relations, especially in the Dallas area. In 2019, Phillips granted an interview to the *Washington Post* about the history of racism in the Dallas area. Defendants disciplined Phillips for granting this interview by issuing an Employee Coaching Form. In 2020, Defendants disciplined Phillips for criticizing Collin College's response to the COVID-19 pandemic on his personal social media, and again in 2021 for discussing the benefits of mask-wearing in a class about the history of pandemics.

Defendants cited Phillips's failure to bring his complaints through the "proper channels" as the reason for his discipline. Ultimately, Defendants did not issue Phillips a renewal of his three-year employment contract, ending his employment at Collin College. Defendants terminated Phillips's contract despite the recommendation of the Council of Excellence—a faculty committee organized by Collin College to assist faculty applying for new contracts and evaluate their performance—that Collin College grant Phillips a new contract.

Defendants terminated Phillips's employment for speaking to the *Washington Post* about his area of expertise, criticizing COVID-19 response policies on his personal social media, and discussing pedagogically-relevant material with his students—each of which is speech protected by the First Amendment. In terminating Phillips, Defendants also relied on a vague and overbroad policies.

**Defendants' Contentions:**

The Board of Trustees of Collin County Community College District contends that it did not violate any of the Plaintiff's constitutional rights, impinge upon his First Amendment protections, nor engage in any conduct for which they could be liable herein. The Board of Trustees has a clear written BOARD POLICY MANUAL which comports with the Texas Community College Teachers Association (TCCTA) CODE OF PROFESSIONAL ETHICS and is consistent with other policies of other similarly situated Community College Districts in Texas. Further, Defendants would have taken the actions complained about in Plaintiff's Complaint regardless of the Plaintiff's alleged protected speech or conduct. Moreover, any claims seeking relief for conduct occurring more than two years before Plaintiff filed this suit are barred by limitations. Regarding alleged damages, Plaintiff has failed to mitigate his alleged damages, if any, and Plaintiff's back pay, if any, must be reduced by any interim earnings or amounts earnable with reasonable diligence. Finally, Plaintiff's claims for equitable relief should be barred, in whole or in part, due to his own inequitable conduct.

Defendants Collin College and the individual Defendants in their individual and official capacities adopt the Board of Trustees' contentions above. In addition, the individual Defendants in their individual capacities assert the defense of qualified immunity.

**2. Jurisdictional Basis for Suit.**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, the individual Defendants contend the Court should dismiss Plaintiff's claims against them in their individual capacities because they have qualified immunity, which is an immunity from suit.

Plaintiff disagrees with Defendants' position regarding qualified immunity and contends the court has jurisdiction to hear Plaintiff's claims.

3.  **A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

    Joseph Michael Phillips – Plaintiff

    Collin County Community College District, legally known as Collin College – Defendant

    Board of Trustees of Collin County Community College District – Defendant

    H. Neil Matkin, in his individual and official capacities as President of Collin College – Defendant

    Abe Johnson, in his individual and official capacities as Senior Vice President of Campus Operations of Collin College – Defendant

    Mary Barnes-Tilley, in her individual and official capacities as Provost of Collin College – Defendant

    Kristen Streater, in her individual and official capacities as Dean of Collin College – Defendant

    Chaelle O'Quin, in her individual and official capacities as Associate Dean of Academic Affairs of Collin College – Defendant

4.  **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

    Plaintiff calls the Court's attention to *Jones v. Matkin, et al.*, No. 4:21-cv-733 (E.D. Tex.) – Currently awaiting decision on Defendants' Motion to Stay and/or Limit Discovery [ECF No. 8] and Motion for Summary Judgment on Qualified Immunity [ECF No. 9]. However, Defendants do not believe the *Jones* case has any relation or relevance to this case.

5.  **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this orders has been completed.**

    Defendants served their *Initial Mandatory Disclosures* on or before July 25, 2022.

    Plaintiff served his *Initial Mandatory Disclosures* on or before July 25, 2022.

6.  **Proposed Scheduling Order Deadlines.**

    See attached Appendix 1 for the parties' proposed case deadlines.

7.  **Describe in accordance with Rule 26(f):**

> **(i)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Defendants who are being sued in their individual capacities intend, as soon as practical, on filing motions to dismiss based on qualified immunity. Based on the recent Fifth Circuit holding in *Carswell v. Camp,* 2022 U.S. App. Lexis 16901 (5th Cir. June 17, 2022), all discovery in this case will then likely be stayed pending the resolution of qualified immunity which, in turn, will likely require the eventual extension of the discovery period and other scheduling deadlines. Further, if all discovery is not stayed pursuant to *Carswell*, the individual Defendants then intend on requesting the Court to limit discovery to those materials necessary to decide the issue of qualified immunity. See Local Rule CV-26(a).

Plaintiff agrees that *Carswell* does require district courts to stay some discovery pending the resolution of the qualified immunity issue. Plaintiff further agrees that any stay of discovery will require extensions of the proposed discovery period. However, Plaintiff does not believe that *Carswell* requires district courts to automatically stay written discovery against non-qualified immune parties (such as Defendants Collin College, the Board of Trustees, and the official-capacity defendants) when a plaintiff seeks prospective injunctive relief against those parties, which is the case here. Plaintiff would welcome the opportunity to discuss the impact of *Carswell* at the Rule 16 management conference.

Subject to the above statement, Plaintiff anticipates discovery will be needed on (1) the elements of Plaintiff's claims; (2) the reason for Defendants' discipline of Plaintiff; (3) the reason for Defendants' termination of Plaintiff's employment; Defendants' policy and practice of terminating faculty members for speaking on matters of public concern; and (5) the damages Plaintiff has incurred as a result of his termination.

Subject to the above statement, Defendants anticipate discovery will be needed on the allegations in Plaintiff's Complaint, Plaintiff's alleged damages, and Plaintiff's mitigation of his alleged damages.

**(ii)** **Any issues relating to disclosure or discovery electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

None currently.

**(iii)** **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court entry of a protective order.**

The parties do not anticipate that a proposed order pursuant to Federal Rule of Evidence 502 is required at this time.

**(iv)** **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as.**

The Defendants being sued in their individual capacities intend, as soon as practical, on filing motions to dismiss based on qualified immunity. Based on the recent Fifth Circuit holding in *Carswell v. Camp,* 2022 U.S. App. Lexis 16901 (5th Cir. June 17, 2022), all discovery in this case will then likely be stayed pending the resolution of qualified immunity which, in turn, will likely require the eventual extension of the discovery period and other scheduling deadlines. Further, if all discovery is not stayed pursuant to *Carswell*, the individual Defendants then intend

on requesting the Court to limit discovery to those materials necessary to decide the issue of qualified immunity. See Local Rule CV-26(a).

As noted above, Plaintiff agrees that *Carswell* does require district courts to stay some discovery pending the resolution of the qualified immunity issue. Plaintiff further agrees that any stay of discovery will require extensions of the proposed discovery period. However, Plaintiff does not believe that *Carswell* requires district courts to automatically stay written discovery against non-qualified immune parties (such as Defendants Collin College, the Board of Trustees, and the official-capacity defendants) when a plaintiff seeks prospective injunctive relief against those parties, which is the case here.

**(v)** **Whether any other order should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

The Defendants being sued in their individual capacities intend, as soon as practical, on filing motions to dismiss based on qualified immunity. Based on the recent Fifth Circuit holding in *Carswell v. Camp,* 2022 U.S. App. Lexis 16901 (5th Cir. June 17, 2022), all discovery in this case will then likely be stayed pending the resolution of qualified immunity which, in turn, will likely require the eventual extension of the discovery period and other scheduling deadlines. Further, if all discovery is not stayed pursuant to *Carswell*, the individual Defendants then intend on requesting the Court to limit discovery to those materials necessary to decide the issue of qualified immunity. See Local Rule CV-26(a).

**8. Mediation Details**

The parties have not yet attempted mediation. The parties agree mediation is an appropriate ADR method for this lawsuit. The parties have agreed on Magistrate Judge Christine Nowak as the mediator.

9. **Identity of persons expected to be deposed.**

Plaintiff currently expects to depose a representative of Collin College under Fed. R. Civ. Pro. 30(b)(6), H. Neil Matkin, Abe Johnson, Mary Barnes-Tilley, Kristen Streater, Chaelle O'Quin, J. Robert Collins, and Stacey Donald.

Defendants currently expect to depose Plaintiff, any experts identified by Plaintiff, and third parties identified by Plaintiff as having knowledge of his allegations and damages.

10. **Estimated trial time and whether a jury demand has been timely made.**

The parties estimate the duration of the trial of this matter to be 3-5 days. Plaintiff has timely made a jury demand.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Attorney for Plaintiff:

Greg Greubel
Foundation for Individual Rights and Expression
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Attorneys for All Defendants Except the Board of Trustees of Collin College:

Charles J. Crawford
Richard M. Abernathy
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Boulevard, Suite 300
McKinney, Texas 75069-1210

Attorney for Defendant Board of Trustees of Collin County College District:

Robert J. Davis
Matthews, Shiels, Knott, Eden, Davis & Beanland, LLP
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251

12. **Whether the parties jointly consent to trial before a magistrate judge.**

The Parties do not consent to trial before a magistrate judge.

**13.    Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None currently known, although Defendants Motion For Judgment On The Pleadings And/Or Motion To Dismiss For Failure To State A Clam [Dkt. 23] is ripe for determination.

Dated: July 28, 2022.

    Respectfully submitted,

    */s/Greg Greubel*
    Greg Greubel
    PA Bar No. 321130; NJ Bar No. 171622015; CA Bar No. 343028
    Foundation for Individual Rights and Expression
    510 Walnut Street, Suite 1250
    Philadelphia, PA 19106
    Telephone: (215) 717-3473
    Greg.greubel@thefire.org

    *Attorney for Plaintiff*

    */s/ Charles J. Crawford*
    Charles J. Crawford
    Texas Bar No. 05018900
    Richard M. Abernathy
    State Bar No. 00809500
    Abernathy, Roeder, Boyd & Hullett, P.C.
    1700 Redbud Boulevard, Suite 300
    McKinney, Texas 75069-1210
    Telephone: (214) 544-4000
    Facsimile: (214) 544-4040
    ccrawford@abernathy-law.com
    rabernathy@abernathy-law.com

    and

    */s/Robert J. Davis*
    Robert J. Davis

        State Bar No. 05543500
        Matthews, Shiels, Knott, Eden, Davis & Beanland, LLP
        8131 LBJ Freeway, Suite 700
        Dallas, Texas 75251
        Telephone: (972) 234-3400
        Facsimile: (972) 234-1750
        bdavis@msattorneys.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, I filed the foregoing *Joint Report of Attorney Conference* via the Court's CM/ECF system.

        */s/Charles J. Crawford*
        Charles J. Crawford

Appendix 1

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes).

| Date | Action |
|---|---|
| <u>August 19, 2022</u><br>(1 week after mgmt. conf.) | Deadline for motions to transfer |
| <u>September 23, 2022</u><br>(6 weeks after mgmt. conf.) | Deadline to add parties |
| <u>February 17, 2023</u><br>six weeks prior to mediation ddl | Mediation must occur by this date.<br>Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| <u>October 21, 2022</u><br>(10 weeks after mgmt. conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| <u>November 4, 2022</u><br>(12 weeks after mgmt. conf.) | Deadline for Plaintiff to file amended pleading.<br>(A motion for leave to amend is required.) |
| <u>November 18, 2022</u><br>(14 weeks after mgmt. conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| <u>November 18, 2022</u><br>(14 weeks after mgmt. conf.) | Deadline for Defendant's final amended pleadings.<br>(A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection |
| <u>February 10, 2023</u><br>(14 weeks after mgmt. conf. **but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| January 27, 2023 (24 weeks after mgmt. conf.) | All discovery shall be commenced in time to be completed by this date. |
| May 18, 2023 (6 weeks before final pretrial conf.) | Notice of intent to offer certified records |
| May 18, 2023 (6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| May 25, 2023 (5 weeks before final pretrial conf.) | Deposition Designations due. Each Party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the Court. The party who served an initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| May 30, 2023 (30 days before final pretrial conf.) | Motions in limine due<br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov). |
| June 15, 2023 (2 weeks before final pretrial conf.) | Response to motions in limine due[2]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses.)<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The Parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

| | |
|---|---|
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| June 29, 2023 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case depending on which cases remain on the Court's docket. |
| to be determined | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between July 31, 2023, and September 1, 2023. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |