# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL PHILLIPS, § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:22-cv-184 |
| § | Judge Mazzant |
| v. § | |
| § | |
| COLLIN COMMUNITY COLLEGE § | |
| DISTRICT, *et al.*, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Judgment on the Pleadings and/or Motion to Dismiss for Failure to State a Claim (Dkt. #23), pertaining to Plaintiff's fifth cause of action. The Court, having considered the Motion, finds that it should be and hereby is **DENIED**.

### BACKGROUND

**I.     Procedural Background.**

Phillips filed suit against Collin College, the Board of Trustees of Collin Community College, and, in their individual and official capacities, H. Neil Matkin, Abe Johnson, Mary Barnes-Tilley, Kristin Streater, and Chaelle O'Quin (collectively, the Defendants) on March 8, 2022, claiming that Defendants violated his rights under the First and Fourteenth Amendments (Dkt. #1). On May 23, 2022, Collin College, H. Neil Matkin, Abe Johnson, Mary Barnes-Tilley, Kristin Streater, and Chaelle O'Quin filed their Answer to Phillips's Complaint, (Dkt. #22). The Board of Trustees filed its Answer to Phillips's Complaint the same day (Dkt. #24). On August 3, 2022, Collin College, H. Neil Matkin, Abe Johnson, Mary Barnes-Tilley, Kristin Streater, and

Chaelle O'Quin filed an Amended Answer (Dkt. #41). On August 4, 2022, the Board of Trustees filed an Amended Answer and Affirmative Defenses (Dkt. #44).

Additionally, on May 23, 2022, Board of Trustees, Collin College, and H. Neil Matkin's (collectively, the "Moving Defendants") filed a Motion for Judgment on the Pleadings and/or a Motion to Dismiss, asserting that Phillips's fifth cause of action—an allegation of unlawful, prior restraints on Phillips's speech as a faculty member—is not viable (Dkt. #23). Specifically, Moving Defendants claim that none of the policies or directives from Defendants actually forbade certain communications of any kind (Dkt. #23 ¶ 3.8). Moving Defendants instead contend that Phillips was merely required to provide a "heads up" to the college's leaders before speaking to the public on certain matters (Dkt. #23 ¶ 3.8). Thus, according to Moving Defendants, without expressly forbidding faculty from speaking out on a matter, the policies and directives cannot constitute a prior restraint on speech. (Dkt. #23 ¶¶ 3.7, 3.8). Phillips filed a Response to the Moving Defendants' Motion on June 16, 2022, maintaining that he had asserted a claim upon which relief can be granted (Dkt. #27). The Moving Defendants filed their Reply on July 7, 2022 (Dkt. #31). Phillips filed a Sur-Reply on July 14, 2022 (Dkt. #33).

## II. Factual Background.

This case arises from a series of statements—a newspaper publication, an interview, class discussions, and social media posts—made by Phillips during the time he was a professor at Collin College (Dkt. #1 ¶ 3). According to Phillips, Defendants "violat[ed] his constitutional rights by retaliating against him for speaking as a private citizen about public issues" in each of the enumerated instances (Dkt. #1 ¶ 2). Specifically, Phillips complains that Defendants placed a prior restraint on his speech through a number of policies and directives, all of which Phillips

2

claims were "attempt[s] to silence College faculty" from speaking "as private citizens on matters of public concern" (Dkt. #1 ¶¶ 200–14).

Phillips asserts that the conflict between Phillips and Defendants began in 2017 when Phillips co-authored an open letter published in the *Dallas Morning News* advocating for the removal of Confederate memorials (Dkt. #1 ¶ 29). In the letter, Phillips identified himself as a professor at Collin College and listed his faculty email as a point of contact (Dkt. #1 ¶ 30). According to Phillips, he co-authored the letter as a private citizen. (Dkt. #1 ¶ 30). Nonetheless, after the letter was published, two Collin College administrators met with Phillips and reminded him of Collin College's policy that requires faculty to "'exercise appropriate restraint, exhibit tolerance for differing opinions, and indicate clearly that they are not an official spokesperson for the College' when they speak or act as private citizens" (Dkt. #1 ¶ 35) (quoting Collin College Board Policy Manual, DGC(LOCAL)-X, Employee Rights and Privileges).

Later, in 2019, Phillips granted the *Washington Post* an interview wherein he discussed race relations and the then-recent shooting at an El Paso, Texas grocery store. The shooter was a former Collin College student but was not a former student of Phillips's (Dkt. #1 ¶¶ 39–41). Prior to Phillips's interview, Collin College's President, H. Neil Matkin, sent out a directive via email to the Collin College campus:

> Friends,
>
> The press has reached out to multiple campus administrators and district personnel regarding the El Paso shooting. At this time, it is believed that the shooter was a college student as late as spring 2019.I have issued a statement as follows (forgive the size - working from home): [attached]
>
> Please refer all press inquiries you may receive to Marisela Codena-Smith at mcsmith@.collin.edu or by phone to the president's office (972-758-3800). Any law enforcement personnel should be referred to Chief Bill Taylor at wtaylor@collin.edu or by phone to the president's office.

> Please keep the El Paso (and also the Ohio) victims and their [families] in your thoughts and prayers.
>
> Thank you all,
>
> Neil

(Dkt. #1 ¶ 35; Dkt. #23 ¶ 2.3).[1]

Ten days after the directive was sent out and five days after the interview was published, Defendants required that Phillips meet with Associate Dean Kristin Streater ("Streater") to discuss his violation of the directive (Dkt. #1 ¶ 49). Nearly a month later, on September 3, 2019, Defendants provided Phillips with an "Employee Coaching Form" related to the interview, informing Phillips that "[e]xpectations moving forward are to follow the President's directives when approached by the media" (Dkt. #1 ¶¶ 50–2).

In June of 2020, shortly after the start of the global COVID-19 pandemic, Phillips commented on Collin College's response to the pandemic in a post to his personal Facebook account (Dkt. #1 ¶ 56). Following his post, Defendants called Phillips into a meeting with Streat and then-Dean Mary Barnes-Tilley ("Barnes-Tilley") to discuss the Facebook post (Dkt. #1 ¶ 58). During the meeting, Barnes-Tilley asked Phillips "do you still want to work here?" and told him that his post violated the Collin College Employee Standards of Conduct's (Dkt. #1 ¶ 58). According to Phillips's, he interpreted Barnes-Tilley's comments during the meeting "as a threat to terminate his employment if he continued to speak out" (Dkt. #1 ¶ 59).

On August 11, 2021, Phillips posted a photo of a slide from a faculty meeting on his personal Facebook and Twitter accounts (Dkt. #1 ¶¶ 70–2). The slide in the photo indicated that

---

[1] When considering a motion to dismiss, a Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Baker v. City of McKinney, Tex.*, 571 F. Supp. 3d 625, 632 (E.D. Tex. 2021) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

faculty were forbidden from requesting, requiring, or recommending masks be worn (Dkt. #1 ¶¶ 70–2). Defendants offered Executive Order GA-38 as the basis for this policy (Dkt. #1 ¶¶ 74–8). Following these posts, on August 27, 2022, Streater issued Phillips a "Level I Warning" for insubordination and failing to use internal communication channels to address his concerns (Dkt. #1 ¶ 81). The warning referenced the two latest posts, continuous failure of Phillips to bring his concerns in an appropriate manner, the 2019 interview, and the 2020 Facebook post (Dkt. #1 ¶¶ 78–80).

At the beginning of the Fall 2021 semester, Phillips assigned his students an essay on the history of pandemics and epidemics from the time of Columbus to the current COVID-19 crisis (Dkt. #1 ¶ 93). During the class discussions pertaining to pandemics, Phillips voiced his annoyance with wearing masks, but commented that resistance to similar policies in the past had hindered societies from combatting the spread of other viruses in an attempt to engage his class in discussion on the issue (Dkt. #1 ¶¶ 94–7). Due to these class discussions, Defendants asked Phillips to meet with Chaelle O'Quin ("O'Quin") (Dkt. #1 ¶ 94). During the meeting, O'Quin informed Phillips that "in order to make sure no one mandates masks, it is best to never discuss them at all" and then placed Phillips on a "Performance Improvement Plan" (Dkt. #1 ¶¶ 99, 100).

Following these incidents, Barnes-Tilley informed Phillips that his contract would not be renewed (Dkt. #1 ¶ 111). Despite attempts to appeal the decision not to renew his contract, Phillips was terminated from his position once his current contract expired (Dkt. #1 ¶ 111).

## LEGAL STANDARD

### I. Judgment on the Pleadings.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not the delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where

5

the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

## II. Failure to State a Claim.

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached

to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*, 594 F.3d at 387. The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Moving Defendants filed this Motion for Judgment on the Pleadings and/or Motion to Dismiss for Failure to State a Claim, requesting the Court dismiss Phillips's fifth cause of

7

action—an allegation of unlawful, prior restraints on Phillips's speech as a faculty member. Moving Defendants allege that their policies and directives do not amount to a prior restraint on speech because they do not expressly forbid certain speech or require prior approval to speak. Rather, Moving Defendants contend that the issue in the case at hand relates entirely to punishments placed on Phillips subsequent to his speech. Phillips, on the other hand, maintains that the policies and directives put forward and enforced by Defendants were meant to, and did, chill potential speech before it happened. The Court, accepting as true all well-pleaded facts in the complaint and viewing those facts in the light most favorable to Phillips, agrees with Phillips. Put another way, Phillips's fifth cause of action states a claim for relief that is plausible on its face such that his fifth cause of action survives the current Motion.

Moving Defendants are correct that "[t]he term 'prior restraint' is used to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur" (Dkt. #23 ¶ 3.7) (citing *Alexander v. United States*, 509 U.S. 544, 550 (1993) (emphasis in original)). Moving Defendants' narrow interpretation of the word "forbidding," however, does not comport with well-established caselaw on the matter. *See United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 468 (1995) (holding that a ban which did not expressly prohibit any particular kind of speech was nonetheless a ban that abridged the First Amendment because it induced employees to "curtail their expression if they wish[ed] to continue working for the Government."); *see also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 335 (2010) (holding that a regulatory scheme, which restricts the use of general treasury funds for electioneering communication, "may not be a prior restraint on speech in the strict sense of that term" but is nonetheless a prior restraint because it requires asking a governmental agency for prior permission to speak); *Carico Invs.,*

8

*Inc. v. Tex. Alcoholic Beverage Comm'n*, 439 F. Supp. 2d 733 (S.D. Tex. 2006) (holding that the Texas Alcoholic Beverage Commission applied state statutes and regulations so as to impose prior restraint on speech by seizing large numbers of obscene materials and conducting harassing visits to retailers); *Baker v. City of Fort Worth*, 506 F. Supp. 3d 413 (N.D. Tex. 2020) (holding that a city council permission scheme requiring the city council approve all posters is a prior restraint on speech despite no specific kind of poster being banned).

Accordingly, after reviewing the current complaint, and the arguments presented in the briefing, the Court finds that Phillips has stated plausible claims for relief in his fifth cause of action.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Judgment on the Pleadings and/or Motion to Dismiss (Dkt. #23) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 26th day of September, 2022.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE