*Phillips v. Collin Cnty. Cmty. Coll. Dist., et al.*

# Exhibit G: Deposition of Mary Barnes-Tilley

```
 1          THE UNITED STATES DISTRICT COURT

 2        FOR THE EASTERN DISTRICT OF TEXAS

 3                SHERMAN DIVISION

 4
    JOSEPH MICHAEL PHILLIPS,        )
 5                                  )
                 Plaintiff,         )
 6                                  )
    VS                              ) CIVIL ACTION NO.
 7                                  ) 4:22-cv-184-ALM
    COLLIN COUNTY COMMUNITY         )
 8  COLLEGE DISTRICT, et al.,       )
                                    )
 9               Defendants.        )

10  **********************************************

11           VIDEOTAPED DEPOSITION OF
             MARY BARNES-TILLEY, PH.D.
             FEBRUARY 15, 2023
12  **********************************************

13       VIDEOTAPED DEPOSITION OF MARY

14  BARNES-TILLEY, PH.D. produced as a witness at

15  the instance of the Plaintiff, and duly sworn,

16  was taken in the above-styled and numbered

17  cause on the 15th of February, 2023, from 9:43

18  to 2:01 before Susan S. Klinger, RMR-CRR, CSR

19  in and for the State of Texas, reported by

20  stenographic method, at Abernathy Roeder Boyd &

21  Hullett, PC, 1700 N. Redbud Boulevard, Suite

22  300, McKinney, Texas pursuant to the Federal

23  Rules of Civil Procedure and the provisions

24  stated on the record or attached hereto.

25  Job No. 916122
```



```
 1              A P P E A R A N C E S

 2

 3    Attorneys or the Plaintiff(s):

 4          Greg Harold Greubel, Esquire

 5          Joshua T. Bleisch, Esquire

 6          FOUNDATION FOR INDIVIDUAL RIGHTS AND

 7          EXPRESSION

 8          510 Walnut Street, Suite 1250

 9          Philadelphia, Pennsylvania  19106

10          Greg.greubel@thefire.org

11          Josh.bleisch@thefire.org

12

13

14    Attorneys for the Defendants except the Board

15    of Trustees:

16          Charles Joseph Crawford, Esquire

17          ABERNATHY ROEDER BOYD & HULLETT, PC

18          1700 Redbud Boulevard, Suite 300

19          McKinney, Texas  75069

20          Ccrawford@abernathy-law.com

21

22

23

24

25
```



```
 1                P R O C E E D I N G S
 2              VIDEOGRAPHER:   Good morning.   We
 3        are now on record.   This begins videotape
 4        number 1 in the deposition of Mary
 5        Barnes-Tilley in the matter of Joseph
 6        Michael Phillips versus Collin County
 7        Community College District, et al.
 8              Today's date is February 15th, 2023
 9        the time is 9:43 a.m.
10              Will the reporter please swear in
11        the witness?
12              MARY BARNES-TILLEY, PH.D.,
13    having been first duly sworn testified as
14    follows:
15              EXAMINATION
16    BY MR. GREUBEL:
17        Q.    Good morning, ma'am.
18        A.    Good morning.
19        Q.    Nice to see you again.
20        A.    Good to see you.
21        Q.    So we did this last week, but for
22    the record I will go through this again.
23              Can you state your name and address?
24        A.    It is Mary Barnes-Tilley, 3608 Delta
25    Drive, McKinney, Texas.
```



Mary Barnes-Tilley, PH.D.                          February 15, 2023
                                                        Page 8

```
 1          A.    No.
 2          Q.    Have you used any medication or
 3   other substance that would affect your ability
 4   to tell the truth today?
 5          A.    No.
 6          Q.    Is there anything that you have
 7   taken that would impact your ability or is
 8   there any reason at all that you aren't able to
 9   give accurate testimony today?
10          A.    No.
11          Q.    If you need a break, please let me
12   know.  I'm more that happy to take breaks.  I
13   would just ask that if we have a question
14   pending, that you complete your answer to the
15   question before we take that break?
16          A.    Okay.
17          Q.    What is your current job title at
18   Collin College?
19          A.    Campus Provost.
20          Q.    And what was the previous job title
21   that you held?
22          A.    Dean of Academic Affairs and
23   Workforce.
24          Q.    And how long have you been in your
25   current role?
```



Mary Barnes-Tilley, PH.D.                                    February 15, 2023
                                                                    Page 9

1        A.      Two years and almost two months.

2        Q.      And how long were you in your

3    previous role?

4        A.      Two and a half years.

5        Q.      And what was your job before that?

6        A.      I was associate Dean of Academic

7    Affairs.

8        Q.      How long were you in that job?

9        A.      11 months.

10       Q.      And what job did you have before

11   that?

12       A.      I was at a different college before

13   that.

14       Q.      What college?

15       A.      Blinn College and I was assistant

16   Dean of Academic Affairs there.

17       Q.      Is that a public or private college?

18       A.      Public.

19       Q.      Did you ever get any training on the

20   First Amendment at Blinn College?

21       A.      I don't recall if I received

22   specific training on the First Amendment at

23   Blinn College.

24       Q.      Tell me about your current role.

25   What is your day-to-day job like?



Mary Barnes-Tilley, PH.D.                                    February 15, 2023
                                                            Page 20

1      Q.    Do you recall having any problems
2 related to Michael Phillips come to your
3 attention?
4      A.    Can you repeat that?
5      Q.    Sure.  Do you recall if or when the
6 first time was that there was an issue that had
7 to be dealt with regarding Michael Phillips or
8 an issue to be dealt with, a problem, something
9 that required coaching, counseling?
10     A.    That I had to deal with, is that
11 your question?
12     Q.    Yeah.
13     A.    I believe that that would be 2019.
14     Q.    And what happened in 2019?
15     A.    That was the El Paso shooting and
16 Dr. Phillips had done an interview with the
17 Washington Post and so I was made aware.  I did
18 not issue the coaching, that was his associate
19 dean, but I was aware of that circumstance.
20     Q.    Were you in his supervisory chain at
21 that time?
22     A.    Yes.
23     Q.    Where were you in that?
24     A.    I was the dean, so I was -- the
25 associate dean was his direct supervisor and I



Mary Barnes-Tilley, PH.D.                    February 15, 2023
                                                    Page 21

1    was the dean.

2          Q.    Were you ever his direct supervisor?

3          A.    Yes.

4          Q.    And for how long?

5          A.    For 11 months.

6          Q.    And I'm sorry, I know you just said

7    this, what year was that?

8          A.    From July of 2017 through June of

9    2018.

10         Q.    I'm going to hand you what is being

11   marked as Exhibit Tilley 1.

12               (Exhibit 1 marked.)

13         Q.    Please take your time and read it.

14   I'm only going to be asking you questions about

15   the first two pages, but if you would like to

16   read the entire thing that is your right and I

17   will not interrupt you.  Let me know when you

18   are ready to talk about it.

19         A.    (Reviewing document.)  Okay.

20         Q.    Do you recognize that document?

21         A.    Yes, I do.

22         Q.    Have you ever seen it before?

23         A.    Yes.

24         Q.    When was the first time you saw it?

25         A.    When I -- within the first couple of



1  comments were from mid May.

2      Q.    Are you Michael Phillips' friend on

3  Facebook?

4      A.    No, I'm not.

5      Q.    And one of the bullet points here is

6  encouraging doctor's notes.  Why did you write

7  that?

8      A.    That is what Dr. Phillips said in

9  one of his posts.

10     Q.    I know, but why did you write it?

11     A.    I was just making notes to myself of

12  some things that I saw.

13     Q.    And that was problematic?

14     A.    I just wrote notes of things that

15  I -- that I saw that I wanted to address.

16     Q.    So things that you could tell him --

17  compliment him on?

18     A.    I wanted to address what I was

19  seeing on Facebook so I made myself notes,

20  because at the time information that was shared

21  was not accurate.  So I wanted to make these

22  notes so that I could reference them and

23  explain what the college was doing.

24     Q.    And what was he saying about

25  encouraging doctor's notes that was not



1      Q.    You didn't have any problem with it

2   though?

3      A.    My concern was he was sharing

4   information -- he didn't come to ask.  And if

5   he had come to ask Dr. Streater or myself, we

6   could have informed him that we were working on

7   this concern that he had, but he did not take

8   the opportunity to ask us, but we were working

9   on this exact thing.  So I made myself a note

10  so that I could let him know.

11     Q.    So you expected him to come and ask

12  before posting anything on social media?

13          MR. CRAWFORD:  Objection, form.

14     A.    If he has a concern about what the

15  college is going to do related to specifically

16  individuals that may have a health concern, I

17  would expect him to come ask his supervisor so

18  he could get an answer to his question, because

19  we were, in fact, addressing this concern.

20     Q.    What if it wasn't addressed to his

21  satisfaction?

22     A.    Then he could ask someone else.  If

23  his associate dean couldn't answer, he could

24  ask the dean, he could ask the provost, he

25  could ask faculty counsel.  Again, a number of



1    individuals to address his concerns.

2         Q.    What if he didn't want to ask

3    anybody at Collin College?

4         A.    I'm not sure how I'm supposed to

5    answer that question.  Can you repeat it?

6         Q.    Did he violate Collin College policy

7    by going straight to Facebook before consulting

8    with you-all?

9         A.    We ask in our policies, two in

10   particular, one is DH exhibit, that the code of

11   professional ethics number 11 to address any

12   concerns in a judicious and appropriate manner.

13   We also specifically state in DGC local that it

14   is the faculty's responsibility to go to any --

15   any one of our committees or the appropriate

16   supervisory, supervisory administrator or

17   supervisor, excuse me, to address concerns.

18          So yes, it concerns me because it is

19   outlined in our policy.

20        Q.    Were you upset by the Facebook

21   posts?

22        A.    No, I was not upset.

23        Q.    Are you sure?

24        A.    I was concerned.

25        Q.    And one of the -- so there is



1    made up your mind yet?

2        A.    No.

3        Q.    What were you waiting on to make up

4    your mind?

5        A.    We have a process that we follow.

6    When a faculty member applies for a multiyear

7    contract, the associate dean prepares a

8    recommendation.  The dean will prepare one,

9    then it goes to our Council on Excellence and

10   then they will -- they will prepare their

11   recommendation and then it goes to the provost.

12   So I wait until that time before I make my

13   decision as provost.

14       Q.    What did you base your decision on?

15       A.    A couple of things.  Dr. Phillips

16   had repeatedly not followed board policies

17   regarding bringing concerns to his supervisor

18   or our faculty council using our shared

19   governance structure, and he was asked a number

20   of times.  And he responded each time that he

21   was talked to about this that he understood.

22   And in some cases commented that he would work

23   to do better.

24             So in reviewing all of that

25   including his multiyear contract packet, I made



```
 1    recommend him for that new contract, were you

 2    considering the disciplinary forms that were

 3    issued to him in 2021?

 4         A.    Yes, that was part of the material

 5    that I reviewed.

 6         Q.    I just want to hand you what has

 7    been marked as Exhibit Tilley 20.  Let me know

 8    when are you are ready to answer questions

 9    about it.

10              (Exhibit 20 marked.)

11         A.    (Reviewing document.)  Okay.

12         Q.    What is that document I handed you

13    there?

14         A.    This is a recommendation form for a

15    faculty multiyear contract.  In addition to it,

16    it is the -- Dr. Streater's comments that she

17    checked or attached indicating her not

18    recommending Dr. Phillips for multiyear.  And

19    then a Council on Excellence letter that they

20    marked that they attached to -- for their

21    recommendation for Dr. Phillips, that is all.

22         Q.    Did you disagree with the Council on

23    Excellence's recommendation?

24         A.    No, I did not disagree.

25         Q.    Can you tell me about that, why did
```


MAGNA
LEGAL SERVICES



EXHIBIT
WIT: TILLEY
DATE: 2-15-23
S. Klinger, RMR-CRR

## RECOMMENDATION for FACULTY MULTI-YEAR CONTRACT (MYC)

**COLLIN COLLEGE**

| Faculty Name *last/first/initial* | | Phillips/Joseph/M |
|---|---|---|
| CWID | 110793529 | Email | mphillips@collin.edu |

### Section A

I have reviewed the multi-year contract application packet for the above-referenced faculty member.

Based on the review, I ☐ do recommend or ☒ do not recommend the above-referenced faculty member for a multi-year contract.
I have reviewed and discussed my recommendation with the faculty member.
*Justifications/Comments Attached:* ☒ Yes ☐ No  see attached

_Kristen L Streater_                                                  10/12/21
Academic/Workforce Dean Signature                                    Date

### Section B

The Council on Excellence committee has reviewed the multi-year contract application packet for the above-referenced faculty member.

Based on the review, the COE ☒ does recommend or ☐ does not recommend the above-referenced faculty member for a multi-year contract.
*Justifications/Comments Attached:* ☒ Yes ☐ No  _Please see attached letter_

_[signature]_                                                      11-28-2021
Council on Excellence Chair Signature                               Date

### Section C

Based on the review, I ☐ do recommend or ☒ do not recommend the above-referenced faculty member for a multi-year contract.

I ☐ do recommend or ☒ do not recommend the above-referenced faculty member for a one-year contract in lieu of a MYC.

_Mary Barnes-Tilley_                                               12/14/21
Campus Provost Signature                                            Date

### Section D

Based on the review, I ☐ do recommend or ☒ do not recommend the above-referenced faculty member for a multi-year contract.

I ☐ do recommend or ☒ do not recommend the above-referenced faculty member for a one-year contract in lieu of a MYC.

_[signature]_                                                      1-10-22
Senior VP of Campus Operations Signature                            Date

### Section E

Based on the review, I ☐ do approve or ☒ do not approve the above-referenced faculty member for a multi-year contract.

I ☐ do approve or ☒ do not approve the above-referenced faculty member for a one-year contract in lieu of a MYC.

_[signature]_                                                      1-28-2022
District President Signature                                        Date

To be presented in personnel report to Board of Trustees at its meeting on the following date:  March 22, 2022

*20210915 revised mw*

I:\Campus Operations\HR\Forms\Faculty Contract Recommendation Forms\Template_COE_MYC_master.docx

COLLIN COLLEGE 001791

Recommendation for Faculty Multi-Year Contract – Joseph Michael Phillips (110793529)

While Dr. Phillips is active in his discipline, in professional development, and in service at the college, I have reservations about his professionalism that prevent me from recommending him for a Multi-Year Contract. Over the last two years, in spite of coaching efforts and multiple discussions, Dr. Phillips has repeatedly failed to use internal communication channels to address questions and concerns he has had about the College's directives, policies, or procedures. In addition, student evaluations and complaints related to their perception of bias by Dr. Phillips in the classroom are concerning enough to give me pause in my recommendation. Both of these issues were addressed in two separate Discipline 1 forms in August and September, and these issues were the basis of my initial non-recommendation for a Contract Extension for Dr. Phillips. Associate Dean Dr. Chaelle O'Quin will be working with Dr. Phillips on these issues in a Performance Improvement Plan this fall, 2021 semester. However, there has not been enough time for Dr. Phillips to demonstrate enough of a commitment to change to enable me to recommend him for a Multi-Year Contract.

COLLIN COLLEGE 001792



To:     Dr. Mary Barnes-Tilley, Plano Campus Provost
From:   Dr. Mary Weis, Council on Excellence Chair
Date:   November 20, 2021
RE:     Council on Excellence Multi-Year Contract Review of Joseph Michael Phillips,
        Professor of History

After a thorough review and discussion of the multi-year contract packet submitted by Michael Phillips, Professor of History, the Council on Excellence voted to RECOMMEND this faculty member for a multi-year contract. Based on the review of the materials included in this faculty member's packet, the Council saw this professor as exhibiting the qualities of an excellent faculty member.

The Council finds that Professor Phillips has consistent, positive teaching evaluations – both by students and as evidenced by the feedback from his Associate Deans. Due to the lack of materials provided in the multi-year contract packet, there has not been opportunity to sufficiently address concerns in the area of teaching reported in the recent level one warning given on September 29, 2021. Although some students complained that they felt berated or shamed regarding Professor Phillips' comments about those who were not wearing masks during the first day of classes, Professor Phillips presented a thoughtful and thorough response regarding the relevance of discussing the use of masks in the historical study of epidemics and pandemics and the need to establish ties to these events early in the class discussions on the history of medicine. The Council was unable to evaluate the specifics of the student complaints, however, as these documents were not provided in the MYC packet. The Council was unable to review the Fall 2019 coaching and Summer 2020 informal coaching forms mentioned on the contract extension signature page as these were not included in the MYC packet. The written rationale for decisions made by the supervisors regarding these documents dealt with professionalism issues about which the Council did not have enough detail to make conclusions. In the level one warning given Fall 2021, the Associate Dean expressed concern about Professor Phillips not following college directives and communicating accurate information in social media and underscored the requirement to use appropriate avenues and processes. The Council was unable to evaluate this assertion, however, as additional information was not provided in the MYC packet. Despite these concerns, the Associate Dean's evaluation in both the 2019-2020 and 2020-2021 annual appraisals indicate that Professor Phillips meets expectations in the areas of teaching, professional development, college service, and student support. Comments by the Associate Dean included that "student comments reflect their enjoyment of Dr. Phillips' classes and his teaching of history in a way that goes beyond the traditional narrative," and that "he is courteous and professional in his interactions with his students, and they have commented on his respectfulness."

The Council noted that in the evaluations, students stated that Professor Phillips is knowledgeable, passionate, enthusiastic, and "gives informative lectures that would stick with me" because he "made history relatable." Another student wrote that "this teacher went the extra 500 miles to provide that information, make it human, make it real, and most importantly make it engaging!" There were a few comments from some students in all semesters that Professor Phillips promotes his political ideologies and biases and that they censored their work and writing. However, the primary student concerns focused on the need for more activities and assignments along with more group work and having a list of scheduled due dates. The majority of students in all semesters found that a thorough and truthful discussion of history showed honesty and a deep understanding about the real history and humanity reflective of those times. Professor Phillips, students said, "widened their perspective" and one said that even though they were not a fan of history he "ignited my interest" and another commented that Professor Phillips was the "best history teaching I have ever had."

[continued on back]

COLLIN COLLEGE 001793

In Professor Phillips' faculty review of student evaluations in the 2019-2020 self-appraisal the Council found that Professor Philips noted a student comment that "I never felt stupid asking a question about something I didn't know..." and that "we learn about history to have a better future, and his is one of the only history teachers I've had that actually teaches history with that in mind." In 2020-2021, Professor Phillips used the self-appraisal section for faculty review of student evaluations to address student concerns for the semester. Professor Phillips uses college email rather than Canvas. He responded in detail and in a timely manner to students. Professor Phillips has increased the writing requirements in his classes to help students develop better skills at expressing thoughts and ideas on complex topics. Professor Phillips did address the student perceived bias and he covers such material as a basis for the relevance of current historical events.

Based on the information given in the MYC packet, the Council on Excellence came to the consensus that Professor Joseph Michael Philips DOES MEET the standard of Excellence expected from a Collin College Faculty member in the areas of teaching, professional development, college service and student support and recommends that this faculty member be awarded a multi-year contract.

COLLIN COLLEGE 001794

```
1            THE UNITED STATES DISTRICT COURT

2          FOR THE EASTERN DISTRICT OF TEXAS

3                 SHERMAN DIVISION

4

   JOSEPH MICHAEL PHILLIPS,        )
5                                  )
             Plaintiff,            )
6                                  )
   VS                              )  CIVIL ACTION NO.
7                                  )  4:22-cv-184-ALM
   COLLIN COUNTY COMMUNITY         )
8  COLLEGE DISTRICT, et al.,       )
                                   )
9            Defendants.           )

10

11            REPORTER'S CERTIFICATION

12      DEPOSITION OF MARY BARNES-TILLEY, PH.D.

13             February 15, 2023

14

15      I, Susan S. Klinger, Certified Shorthand

16  Reporter in and for the State of Texas, hereby

17  certify to the following:

18      That the witness, MARY BARNES-TILLEY,

19  PH.D., was duly sworn by the officer and that

20  the transcript of the oral deposition is a true

21  record of the testimony given by the witness;

22      That the deposition transcript was

23  submitted on _____2-28_____, 2023 to the

24  witness or to the attorney for the witness for

25  examination, signature and return to me by
```



1       _____3-31_____, 2023;

2            That the amount of time used by each party

3       at the deposition is as follows:

4            Mr. Greubel: 3:45

5            That pursuant to information given to the

6       deposition officer at the time said testimony

7       was taken, the following includes counsel for

8       all parties of record:

9            Mr. Greubel, Attorney for Plaintiff(s)

10           Mr. Crawford, Attorney for Defendant(s)

11           Mr. J. Bailey McShane, IV, Attorney for

12               Defendants

13           I further certify that I am neither

14      counsel for, related to, nor employed by any of

15      the parties or attorneys in the action in which

16      this proceeding was taken, and further that I

17      am not financially or otherwise interested in

18      the outcome of the action.

19           Certified to by me this 26th day of

20      February, 2023.

21                              

22                              _____

23                              Susan S. Klinger,
                                Texas CSR No. 6531
                                Expiration Date:  10/31/23

24

25

**MAGNA⊘**
**LEGAL SERVICES**

```
1        I, MARY BARNES-TILLEY, PH.D., have read

2   the foregoing deposition and hereby affix my

3   signature that same is true and correct, except

4   as noted above.

5

6

7

8
              Mary Barnes-Tilley
9

10            MARY BARNES-TILLEY, PH.D.

11

12

13  THE STATE OF TEXAS)

14  COUNTY OF COLLIN )

15       Subscribed and sworn to before me by the

16  said witness, MARY BARNES-TILLEY, PH.D.,

17

18   .  Given under my hand and seal of office

19  this 30th day of MARCH, 20 23.

20            Kim Whitlock
21            Notary Public in and for the
              State of TEXAS
22
    My commission expires 9/24/24
23

24

25
```

KIM WHITLOCK
Notary Public, State of Texas
Comm Expires 09-24-2024
Notary ID 132695840



Mary Barnes-Tilley, PH D

February 15, 2023
Page 150

1           CHANGES AND SIGNATURE

2   PAGE LINE      CHANGE           REASON FOR CHANGE

3        See attached

4   _____

5   _____

6   _____

7   _____

8   _____

9   _____

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18  _____

19  _____

20  _____

21  _____

22  _____

23  _____

24  _____

25



Changes and Signature

WITNESS  Mary Barnes-Tilley
DATE  February 15, 2023

| Page | Line | Change | Reason |
|------|------|--------|--------|
| 17 | 17 | Change "Ed" to "Abe" | spelling correction |
| 31 | 22 | add "and remind him of President Matkin's directive" after "citizen" | clarification |
| 82 | 4 | add "on social media" after "information" | clarification |
| 82 | 25 | correct spelling of "counsel" to "council" | spelling correction and correct throughout document |
| 86 | 16 | add "and board policies related to faculty addressing their concerns" after "college" | clarification |
| 87 | 6 | add "since this is required of faculty by board policy" after "them" | clarification |
| 89 | 13 | add "have been after to answer discovery " | clarification |
| 89 | 25 | add "produced documents that are on my one drive related to the production or interrogatory requests" after "have" | clarification |
| 95 | 12 | change "faculty really know why" to "faculty really don't know why" | clarification |
| 137 | 3 | change to "the policies or our instructions " | clarification |
| 139 | 11 | change "information they presented" to "information they were presented" | clarification |
| | | | |

```
 1                 A P P E A R A N C E S

 2

 3    Attorneys or the Plaintiff(s)

 4         Greg Harold Greubel, Esquire

 5         Joshua T. Bleisch, Esquire

 6         FOUNDATION FOR INDIVIDUAL RIGHTS AND

 7         EXPRESSION

 8         510 Walnut Street, Suite 1250

 9         Philadelphia, Pennsylvania  19106

10         Greg.greubel@thefire.org

11         Josh.bleisch@thefire.org

12

13

14    Attorneys for the Defendants except the Board

15    of Trustees

16         Charles Joseph Crawford, Esquire

17         ABERNATHY ROEDER BOYD & HULLETT, PC

18         1700 Redbud Boulevard, Suite 300

19         McKinney, Texas   75069

20         Ccrawford@abernathy-law.com

21

22

23

24

25
```



1   Attorneys for the Board of Trustees·

2        J. Bailey McShane, Esquire

3        MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS &

4        BEANLAND, L L.P.

5        8131 LBJ Freeway, Suite 700

6        Dallas, Texas  75251

7        Bmcshane@mssattorneys.com

8

9

10  Also Present.

11       Joseph Michael Phillips

12       Monica Velazquez, Esquire - Collin College

13       Terry Vanderheyden, videographer

14

15

16

17

18

19

20

21

22

23

24

25





## KIM TINDALL & ASSOCIATES

RE: Mary Barnes-Tilley                                            April 3, 2023

Dear Client:

We are forwarding these documents to you as the custodian attorney in this matter. This transcript is being handled pursuant to the Federal Rules of Civil Procedure and we have copied all parties on the Changes and Signature page(s) with the attached Certificate of Deposition submitted by the deponent to our office.

The items marked refer to the attached documents.

_____ The Changes and Signature page(s) was returned to our office within the specified time limit; therefore, we are forwarding the original deposition transcript(s) and the Changes and Signature page(s) with the attached Certificate of Deposition to you as the custodial attorney in this matter for safekeeping. All parties will be copied on the Changes and Signature page(s).

_____ The deponent returned the Changes and Signature page(s) within the specified time limit, however, the Changes and Signature page(s) was inadvertently returned without the original transcript. All parties have been copied.

_____ The Changes and Signature page(s) was not returned to our office within the specified time limit; therefore, we are forwarding the original deposition transcript to you as the custodial attorney in this matter.

_____ The Changes and Signature page(s) was returned to our office unexecuted. We are forwarding the original deposition transcript to you as the custodial attorney in this matter.

_____ The deponent returned the Changes and Signature page(s) enclosed after the specified time limit. All parties have been copied as a courtesy.

_____ This is to notify you that the examination and signature was not requested by the deponent and/or a party before the completion of the deposition; therefore, signature is waived pursuant to the Federal Rules of Civil Procedures. All parties have been copied via e-mail.

_____ A copy of the Changes and Signature page(s) was previously returned within the specified time limit. We are now in receipt of the Original Deposition Transcript and/or Changes and Signature page(s); therefore, we are returning it to you as the Custodial attorney in this matter for safekeeping.

_____ Amended.

Should you have any questions or concerns, please feel free to contact our office.

Sincerely,
KTA Certs Department
Certs@KTandA.COM
Nancy Renfroe – Department Manager