*Phillips v. Collin Cnty. Cmty. Coll. Dist., et al.*

# Exhibit J: Collin College's Responses to Plaintiff's Requests for Admission

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.: 4-22-cv-184 |
| COLLIN COMMUNITY COLLEGE DISTRICT, a political subdivision of the State of Texas; BOARD OF TRUSTEES OF COLLIN COMMUNITY COLLEGE, a political subdivision of the State of Texas; H. NEIL MATKIN, in his individual and official capacities as President of Collin College; ABE JOHNSON, in his individual and official capacities as Senior Vice President of campus Operations of Collin College; MARY BARNES-TILLEY, in her individual and official capacities as Provost of Collin College; KRISTEN STREATER, in her individual and official capacities as Dean of Collin College; and CHAELLE O'QUIN, in her individual and official capacities as Associate Dean of Academic Affairs of Collin College. | § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANT COLLIN COLLEGE'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT COLLIN COLLEGE**

TO: Plaintiff Joseph Michael Phillips, by and through his counsel of record, Greg H. Greubel, Foundation for Individual Rights and Expression, 510 Walnut Street, Suite 1250, Philadelphia, PA 19106.

Pursuant to Fed R. Civ. P. 26 and 36, Defendant Collin County Community College District ("Collin College") files the following Responses to Plaintiff Joseph Michael Phillips ("Plaintiff") First Set of Requests of Admission to Defendant Collin College.

## OBJECTION TO DEFINITIONS

Collin College objects to the definitions of "Defendants" (No. 2), "You and Your" (No. 3), and "Agent" (No. 7) because these definitions are overbroad and vague, including for example independent contractors and third-parties. To the extent applicable, Collin College will limit these definitions to Collin College's policymaker(s) and decisionmaker(s).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** As you admitted in Defendant Board of Trustees of Collin County Community College District's First Amended Answer and Affirmative Defenses to the Complaint (ECF no. 24) ¶ 29, Plaintiff co-authored an open letter published in the *Dallas Morning News* entitled "Dallas' Confederate memorials scream 'white supremacy'" (available at https://www.dallasnews.com/opinion/commentary/2017/08/04/dallas-confederate-memorialsscream-white-supremacy/ [https://perma.cc/BU76-FFQQ]). Admit that Plaintiff's writing of the open letter was outside of his official job duties.

**ANSWER**: Defendant Collin County Community College District ("Collin College") objects to this request because it is misleading and is based on a mistaken predicate: ECF no. 24 is not Collin College's answer but, rather, ECF no. 24 is the answer of Defendant Board of Trustees of Collin County Community College District. These are different parties. Subject to this objection, Collin College admits that Plaintiff signing his name only on any open letter to a newspaper is extramural speech outside of his official job duties, but that by signing the August 4, 2017 open letter to the Dallas Morning News as a "history professor at Collin College" and by also including his work email address,"mphillips@collin.edu", Plaintiff violated Collin College policy. Specifically, Defendant Collin College admits that in engaging in extramural speech by signing the August 4, 2017 letter with both his name and the college's name, Plaintiff did not "indicate clearly that [he was] not an official spokesperson" for Collin College and did not "avoid creating the impression that [he spoke] or [acted] on behalf of" Collin College as expressly required by policy DGC(LOCAL). Moreover, Defendant Collin College also admits that to the extent that Plaintiff solicited other signatures using Collin College's email system or resources, Plaintiff further violated Collin College policy. To the extent not admitted herein, denied.

**REQUEST FOR ADMISSION NO. 2:** Admit that the removal of Confederate statues in Dallas is a matter of public concern.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NO. 3:** Admit that race relations are a matter of public concern.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** Admit that, per Collin College policy CT(LOCAL), Defendant Matkin, or his designee, has the "sole discretion" to determine whether a faculty member's use of the name "Collin College" is "improper."

**ANSWER:** Collin College objects to this request as misleading and irrelevant to any issue in this lawsuit since Collin College's policy CT(LOCAL) pertains to the use of Collin College's trademarks and intellectual property. Because Defendant Collin College's policy CT(LOCAL) pertains to the use of Collin College's trademarks and intellectual property, Defendant Collin College denies this Request for Admission No. 4.

**REQUEST FOR ADMISSION NO. 5:** Admit that Collin College policy CT(LOCAL) provides no definitions, standards, or criteria for determining when the use of the name "Collin College" is "improper."

**ANSWER:** Collin College objects to this request as misleading and irrelevant to any issue in this lawsuit since Collin College's policy CT(LOCAL) pertains to the use of Collin College's trademarks and intellectual property. Because Defendant Collin College's policy CT(LOCAL) pertains to the use of Collin College's trademarks and intellectual property, Defendant Collin College denies this Request for Admission No. 5.

**REQUEST FOR ADMISSION NO. 6:** [NONE SUBMITTED]

**ANSWER:** No response required.

**REQUEST FOR ADMISSION NO. 7:** Admit that the nonrenewal of Plaintiff's contract is an adverse employment action.

**ANSWER:** Defendant Collin College objects to this Request for Admission as it calls for a legal conclusion. Therefore, Defendant Collin College denies this Request for Admission No. 7.

**REQUEST FOR ADMISSION NO. 8:** Admit that the nonrenewal of Plaintiff's contract terminated his employment at Defendant Collin College.

**ANSWER:** Defendant Collin College admits that Plaintiff's 2019-2022 Full-Time Faculty term contract ended by its own terms in May 2022. Defendant Collin College admits that Plaintiff was not recommended by his supervisors for a new faculty contract and did not receive another faculty term contract and, as a result, his employment at Collin College ended. To the extent not admitted herein, denied.

**REQUEST FOR ADMISSION NO. 9:** Admit that posting on personal social media accounts was not one of Plaintiff's job duties at Collin College.

**ANSWER:** Defendant Collin College admits that, in general, posting on social media accounts as a private citizen on a matter of public concern was not one of Plaintiff's job duties at Defendant Collin College.  To the extent not admitted herein, denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that the public health emergency created by the COVID-19 pandemic is a matter of public concern.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NO. 11:** Admit that the working conditions for public college professors is a matter of public concern.

**ANSWER:** Defendant Collin College admits only that some working conditions for public college professors are matters of public concern.

**REQUEST FOR ADMISSION NO. 12:** Admit that Defendant Collin College does not maintain a tenure system for its faculty.

**ANSWER:** Defendant Collin College admits that it does not maintain a tenure system, which is not required by law, for its faculty.

**REQUEST FOR ADMISSION NO. 13:** Admit that the Defendant Collin College's "Council on Excellence" recommended Plaintiff be granted a new contract.

**ANSWER:** Defendant Collin College admits only that the Council on Excellence, one of the levels of review in Defendant Collin College's annual contract review process, recommended Plaintiff for a new faculty contract, but the Council on Excellence bases their recommendation on a limited set of criteria and it is not a final decision-maker.

**REQUEST FOR ADMISSION NO. 14:** Admit that Defendant H. Neil Matkin's August 4, 2019 on faculty remarks regarding the El Paso shooting of August 3, 2019 instructed college staff and faculty to direct all press inquiries to the Collin College Personal Relation's department, or to the office of the President.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiff timely applied for a new contract via Collin College's Council of Excellence.

**ANSWER:** Denied.

       Respectfully submitted,

       **ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

       /s/ *Charles J. Crawford*
       **Charles J. Crawford**
       State Bar No. 05018900
       **Richard M. Abernathy**
       State Bar No. 00809500
       1700 Redbud Blvd., Suite 300
       McKinney, Texas 75070
       Ph. 214-544-4000
       Fax 214-544-4040
       ccrawford@abernathy-law.com
       rabernathy@abernathy-law.com

       **ATTORNEYS FOR DEFENDANT COLLIN COUNTY COMMUNITY COLLEGE DISTRICT**

## CERTIFICATE OF SERVICE

I certify that on November 11, 2022, a true and correct copy of the foregoing was served on Plaintiff's attorney Greg H. Greubel by email.

       */s/ Charles J. Crawford*
       Charles J. Crawford

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No.: 4-22-cv-184 |
| COLLIN COMMUNITY COLLEGE DISTRICT, a political subdivision of the State of Texas; BOARD OF TRUSTEES OF COLLIN COMMUNITY COLLEGE, a political subdivision of the State of Texas; H. NEIL MATKIN, in his individual and official capacities as President of Collin College; ABE JOHNSON, in his individual and official capacities as Senior Vice President of campus Operations of Collin College; MARY BARNES-TILLEY, in her individual and official capacities as Provost of Collin College; KRISTEN STREATER, in her individual and official capacities as Dean of Collin College; and CHAELLE O'QUIN, in her individual and official capacities as Associate Dean of Academic Affairs of Collin College. | § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANT COLLIN COLLEGE'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT COLLIN COLLEGE

TO:   Plaintiff Joseph Michael Phillips, by and through his counsel of record, Greg H. Greubel, Foundation for Individual Rights and Expression, 510 Walnut Street, Suite 1250, Philadelphia, PA 19106.

Pursuant to Fed R. Civ. P. 26 and 36, Defendant Collin County Community College District ("Collin College") files the following Responses to Plaintiff Joseph Michael Phillips ("Plaintiff") Second Set of Requests of Admission to Defendant Collin College.

## OBJECTION TO DEFINITIONS

Collin College objects to the definitions of "Defendants" (No. 2), "You and Your" (No. 3), and "Agent" (No. 7) because these definitions are overbroad and vague, including for example independent contractors and third-parties. To the extent applicable, Collin College will limit these definitions to Collin College's policymaker(s) and decisionmaker(s).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 16:** Admit that the terms "dignity" and "respect" in Collin College Policy DH (Exhibit) are not defined by any other Collin College policy.

**ANSWER:** Defendant Collin College objects on the basis that "Collin College policy" is an undefined term and vague.

Subject to those objections, Defendant Collin College admits that a specific definition of the separate words "Dignity" or "Respect" is not included in any Collin College Board policy, but Collin College's Core Values of "Dignity and Respect" are included in Board policy AD(Local) and their meaning has a long history at Collin College dating to the postulates articulated in 1986-1987 by the first District President of the college.  Both the Core Values and the words "Dignity" and "Respect" included in the Code of Professional Ethics in DH(Exhibit), which is adopted in part from the Texas Community College Teachers' Association 1997 Code, refer to the common usage of those terms as applied to professional educators.

**REQUEST FOR ADMISSION NO. 17:** Admit that the College did not discipline the professor regarding the "situation" referenced in Abe Johnson's March 8, 2019 email identified at JOHNSON_00025.

**ANSWER:** Defendant Collin College objects on the basis that Johnson 00025 does not identify any professor by name.

Subject to that objection and after a reasonable inquiry, Defendant Collin College is unable to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 18:** Admit that the College does not have a system for the preservation of information on Mary Barnes-Tilley's privately owned devices pursuant to Texas Government Code § 552.004(b).

**ANSWER:** Defendant Collin College objects on the basis that this Request calls for a legal conclusion as to the applicability of the Texas Public Information Act and specifically, Texas Government Code Section 552.004(b) to this matter.

Subject to that objection, denied.

**REQUEST FOR ADMISSION NO. 19:** Admit that the College did not instruct Mary Barnes-Tilley to preserve the public information contained on her personal device in a backup or archive.

**ANSWER:** Defendant Collin College objects on the basis that this Request seeks information protected by the attorney-client privilege.

Subject to that objection, denied.

**REQUEST FOR ADMISSION NO. 20:** Admit that Mary Barnes-Tilley did not forward or transfer public information in the form of text messages concerning Michael Phillips to the College.

**ANSWER:** Defendant Collin College objects on the basis that this Request asks for a legal conclusion as to whether "public information" as defined by Texas Government Code Section 552.002 is implicated and its applicability to this matter.

In addition, this request is overly broad, not limited in time, vague and non-specific and therefore Defendant Collin College is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 21:** Admit that Mary Barnes-Tilley did not preserve public information in the form of text messages concerning Michael Phillips in its original form in a backup or archive.

**ANSWER:** Defendant Collin College objects on the basis that this Request asks for a legal conclusion as to whether "public information" as defined by Texas Government Code Section 552.002 is implicated and its applicability to this matter after the law went into effect in September 2019.

Subject to this objection, admit only that Mary Barnes-Tilley did not backup or archive all of her text messages on her personal cell phone until 2023.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

/s/ *Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
**Richard M. Abernathy**

State Bar No. 00809500
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
Ph. 214-544-4000
Fax 214-544-4040
ccrawford@abernathy-law.com
rabernathy@abernathy-law.com

**ATTORNEYS FOR DEFENDANT
COLLIN COUNTY COMMUNITY
COLLEGE DISTRICT**

## CERTIFICATE OF SERVICE

I certify that on March 24, 2023, a true and correct copy of the foregoing was served on Plaintiff's attorney Greg H. Greubel by email.

*/s/ Charles J. Crawford*
Charles J. Crawford
