*Phillips v. Collin Cnty. Cmty. Coll. Dist., et al.*

# Exhibit K: Barnes-Tilley's Responses to Plaintiff's First Set of Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 4-22-cv-184 |
| | § | |
| COLLIN COMMUNITY COLLEGE DISTRICT, a political subdivision of the State of Texas; BOARD OF TRUSTEES OF COLLIN COMMUNITY COLLEGE, a political subdivision of the State of Texas; H. NEIL MATKIN, in his individual and official capacities as President of Collin College; ABE JOHNSON, in his individual and official capacities as Senior Vice President of campus Operations of Collin College; MARY BARNES-TILLEY, in her individual and official capacities as Provost of Collin College; KRISTEN STREATER, in her individual and official capacities as Dean of Collin College; and CHAELLE O'QUIN, in her individual and official capacities as Associate Dean of Academic Affairs of Collin College. | § | |
| *Defendants.* | § | |

### DEFENDANT MARY BARNES-TILLEY'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MARY BARNES-TILLEY

TO: Plaintiff, Joseph Michael Phillips, by and through his counsel of record, Greg H. Greubel, Foundation for Individual Rights in Education, 510 Walnut St., Suite 1250, Philadelphia, PA 19106.

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Mary Barnes-Tilley ("Defendant") files the following Amended Responses to Plaintiff Joseph Michael Phillips ("Plaintiff") First Set of Interrogatories to Defendant Mary Barnes-Tilley.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Defendant objects to each of Plaintiff's Definitions and Instructions in Plaintiff's First Set of Interrogatories ("Plaintiff's Interrogatories") to the extent that they are overly broad, unduly burdensome, and attempt to place a greater burden on Defendant in responding to these interrogatories than is required under the Federal Rules of Civil Procedure.

2. Defendant objects to Instruction No. 1 because requiring Defendant to answer based on information from "anyone acting on her behalf" is overly broad, unduly burdensome, vague and non-specific.

3. Defendant objects to Instruction No. 4 because it attempts to place a greater burden on Defendant in responding to these requests than is required under Rule 26 and 33. Defendant incorporates by this reference her objections to Instructions 10-14 of Plaintiff's First Set of Requests for Production that are contained in Defendant's response to Plaintiff's First Set of Requests for Production.

4. Defendant objects to Instruction No. 10 because this time frame is overly broad, unduly burdensome, and not proportional to the needs of the case because it encompasses prior years that are irrelevant to any issue in this lawsuit.

5. Defendant objects to the definitions of "Defendants" (No. 3), "You and Your" (No. 4), and "Agent" (No. 14) because these definitions are overbroad and vague, including for example independent contractors and third-parties.

6. Defendant objects to the definition of "Identify" (No. 6 and 7) because it places a greater burden on Defendant in responding to these requests than is required under Rule 26 and 33. Defendant will provide sufficient information for Plaintiff to "identify" either the person or document.

7.  Defendant objects to the definition of "Describe" (No. 9) because it places a greater burden on Defendant in responding to these requests than is required under Rule 26 and 33. Defendant will provide a sufficient "description" in her various responses.

## AMENDED RESPONSES

**INTERROGATORY NO. 1:** Describe why you did not recommend renewal of Plaintiff's employment contract. Your answer should identify (a) any documents or other information you considered in making that decision and (b) all persons you consulted in making that decision.

**AMENDED ANSWER:** After receiving the Council on Excellence (COE) multi-year contract recommendation form, Defendant reviewed the following documents: 2019-20 annual appraisal, 2020-21 annual appraisal, Fall 2019, 2020, and 2021 and Spring 2020 and 2021 student evaluations, coaching and discipline forms since 2017 and relevant notes, Collin College Board policies DH (Local) and DH (Exhibit), DGC (Local), and Defendant's notes from informal coaching meetings with Dr. Phillips in June 2020. Defendant did not recommend Dr. Phillips for a MYC because he did not conduct himself professionally, did not seek revisions in a judicious manner using the shared governance structure and processes when he had concerns, and did not follow processes and procedures after repeatedly being asked. Defendant shared the reasons for Defendant's decision with Senior Vice President of Campus Operations (SVPCO), Dr. Abe Johnson. See document previously attached.

**INTERROGATORY NO. 7:** Identify the policy of Defendant Collin College that explains the "appropriate manner" for Defendant Collin College employees to bring workplace concerns, which is referenced in Phillips' August 27, 2021, Employee Discipline Form.

**AMENDED ANSWER:** DH (Exhibit), Code of Professional Ethics, Item #11, "The Professional Educator shall observe the stated policies and procedures of the College District, reserving the right to seek revision in a judicious and appropriate manner," and DGC(Local) which provides: "Faculty members will recognize their responsibility to adhere to the policies and procedures of the institution... Therefore, faculty members who have differences of opinion with existing or proposed policies or procedures will express these views through the standing committee structure of the College District or their supervising administrators." In conversations with Dr. Phillips on August 26, 2019 and June 19, 2020, I asked him to share any concerns following the College's processes and procedures, including for example, going to his Associate Dean, Dean, and/or Faculty Council. See document previously attached.

**INTERROGATORY NO. 8:** Identify the policy of Defendant Collin College that explains how Defendant Collin College employees must use "all internal communications channels" when bringing workplace concerns, which is referenced in Phillips' August 27, 2021, Employee Discipline Form.

**AMENDED ANSWER:** DH (Exhibit), Code of Professional Ethics, Item #11, "The Professional Educator shall observe the stated policies and procedures of the College District, reserving the right to seek revision in a judicious and appropriate manner," and DGC (Local), "Faculty members will recognize their responsibility to adhere to the policies and procedures of the institution... Therefore, faculty members who have differences of opinion with existing or proposed policies or procedures will express these views through the standing committee structure of the College District or their supervising administrators." As stated in the August 27, 2021 Discipline Form, Dr. Phillips had been previously coached in 2019 and 2020, to share any concerns following the College's internal communication channels and processes and procedures, including, for example, going to his Associate Dean, Dean, and/or Faculty Council. See document previously attached.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
**Richard M. Abernathy**
State Bar No. 00809500
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
Ph. 214-544-4000
Fax 214-544-4040
ccrawford@abernathy-law.com
rabernathy@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on March 28, 2023, a true and correct copy of the foregoing was served on Plaintiff's attorney Greg H. Greubel by email.

*/s/ Charles J. Crawford*
Charles J. Crawford

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF COLLIN §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Mary Barnes-Tilley, a person whose identity is known to me, and who, being duly sworn, stated and deposed that the foregoing Defendant Mary Barnes-Tilley's Amended Responses to Plaintiff's First Set of Interrogatories to Defendant Mary Barnes-Tilley are true and correct.

_____
Mary Barnes-Tilley

SUBSCRIBED AND SWORN TO BEFORE ME on this 28th of March, 2023, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

My Commission Expires: 10-22-2025



GEORGANNA SAUNDERS
Notary Public, State of Texas
Comm. Expires 10-22-2025
Notary ID 129602045

---

**MARY BARNES-TILLEY'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES**　　　　　**PAGE 5**

# RESPONSE TO NO. 7 & 8

Collin College
043500

EMPLOYEE STANDARDS OF CONDUCT

DH
(EXHIBIT)

# Code of Professional Ethics

Since all College District employees interface with or serve students, the College District holds all of its employees to the ethical standards of professional educators as expressed in the Texas Community College Teachers Association Code of Professional Ethics (PDF)[1] set forth in large part below:

1. The Professional Educator shall treat all persons with dignity and respect; discriminating against no one on any basis protected by law.

2. The Professional Educator shall strive to help each student realize his or her full potential as a learner and as a human being.

3. The Professional Educator shall by example and action encourage and defend the unfettered pursuit of truth by both colleagues[1] and students supporting the free exchange of ideas, observing the highest standards of academic honesty and integrity, and seeking always an attitude of scholarly objectivity and tolerance of other viewpoints.

4. The Professional Educator shall work to enhance cooperation and collegiality among students, faculty, administrators, and other personnel.

5. The Professional Educator shall recognize and preserve the confidential nature of professional relationships, neither disclosing nor encouraging the disclosure of information or rumor, which might damage or embarrass or violate the privacy of any other person.

6. The Professional Educator shall maintain competence through continued professional development, shall demonstrate that competence through consistently adequate preparation and performance, and shall seek to enhance that competence by accepting and ap-propriating constructive criticism and evaluation.

7. The Professional Educator shall make the most judicious and effective use of the College District's time and resources.

8. The Professional Educator shall fulfill the employment agreement both in spirit and in fact, shall give reasonable notice upon resignation, and shall neither accept tasks for which he or she is not qualified nor assign tasks to unqualified persons.

9. The Professional Educator shall support the goals and ideals of the College District and shall act in public affairs in such a manner as to bring credit to the College District.

10. The Professional Educator shall not engage in unlawful harassment or sexual harassment of students or colleagues and shall adhere to the College District's policies on unlawful harassment and other conduct.

---

[1] The term "colleague" refers to all persons employed by or who contracts with the College District.

DATE ISSUED: 7/14/2020
LDU 2020.03
DH(EXHIBIT)-X

1 of 2

BARNES-TILLEY_001064

Collin College
043500

EMPLOYEE STANDARDS OF CONDUCT    DH
(EXHIBIT)

11. The Professional Educator shall observe the stated policies and procedures of the College District, reserving the right to seek revision in a judicious and appropriate manner.

12. The Professional Educator shall participate in the governance of the College District by accepting a fair share of committee and institutional responsibilities.

13. The Professional Educator shall support the right of all colleagues to academic freedom and due process and defend and assist a professional colleague accused of wrongdoing, incompetence, or other serious offense so long as the colleague's innocence may reasonably be maintained.

14. The Professional Educator shall not support a colleague whose persistently unethical conduct or professional incompetence has been demonstrated through due process.

15. The Professional Educator shall accept all rights and responsibilities of citizenship, always avoiding use of the privileges of his or her public position for private or partisan advantage.

---

[1] Texas Community College Teachers Association Code of Professional Ethics (PDF): http://www.tccta.org/wp-content/uploads/2016/01/TCCTA-Ethics.pdf

BARNES-TILLEY_001065