# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JOSEPH MICHAEL PHILLIPS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4-22-cv-184** |
| | § | |
| **COLLIN COMMUNITY COLLEGE** | § | |
| **DISTRICT, et al.** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL WITNESSES AND TRIAL EXHIBITS LISTED IN PRE-TRIAL ORDER

Pursuant to this Court's Amended Scheduling Order [Dkt. 52], Defendants file the following objections to Plaintiffs' trial witnesses and trial exhibits listed in the Joint Pre-Trial Order [Dkt. 73].

## Objections to Plaintiff's Trial Witnesses

Defendants object to the following trial witnesses identified by Plaintiff in the Joint Pre-Trial Order (see Dkt. 73-1):

1.      Lora Burnett – Lora Burnett's anticipated testimony is irrelevant to any material issue. Irrelevant testimony is not admissible. See Fed. R. Evid. 401, 402. More specifically, she was not similarly situated to Plaintiff and was not involved in the nonrenewal of his contract – Dr. Burnett's faculty contract was nonrenewed more than a year prior to Plaintiff's nonrenewal, she was located on a different campus from Plaintiff, and she reported to different immediate supervisors from Plaintiff. Critically, her testimony regarding the nonrenewal of her own contract and settlement of her claim against Collin College, for which liability was denied, is insufficient as a matter of law to show any "custom" for purpose of *Monell* liability under 42 U.S.C. §1983.

See *Saenz v. Dallas Cnty. Cmty. College Dist.,* 2011 U.S. Dist. Lexis 52023, *17-24 (N.D. Tex. 2011) ("The Fifth Circuit has set the bar very high for the number of prior incidents necessary" to find a custom, noting, for example, that 27 previous complaints were not a sufficient number to find custom). In addition, any probative value of admitting her testimony does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 403.

  2. Audra Heaslip – Audra Heaslip's anticipated testimony is irrelevant to any material issue. Irrelevant testimony is not admissible. See Fed. R. Evid. 401, 402. More specifically, she was not similarly situated to Plaintiff and was not involved in the nonrenewal of his contract – Dr. Heaslip's faculty contract was nonrenewed more than a year prior to Plaintiff's nonrenewal, she was located on a different campus from Plaintiff, and she reported to different immediate supervisors from Plaintiff. Critically, her testimony regarding the nonrenewal of her own contract and settlement of her claim against Collin College, for which liability was denied, is insufficient as a matter of law to show any "custom" for purpose of *Monell* liability under 42 U.S.C. §1983. See *Saenz,* 2011 U.S. Dist. Lexis 52023 at *17-24 ("The Fifth Circuit has set the bar very high for the number of prior incidents necessary" to find a custom, noting, for example, that 27 previous complaints were not a sufficient number to find custom). In addition, any probative value of admitting her testimony does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 403.

  3. Suzanne Jones – Suzanne Jones's anticipated testimony is irrelevant to any material issue. Irrelevant testimony is not admissible. See Fed. R. Evid. 401, 402. More specifically, she was not similarly situated to Plaintiff and was not involved in the nonrenewal of his – Dr. Jones's faculty contract was nonrenewed more than a year prior to Plaintiff's nonrenewal, she was located on a different campus from Plaintiff, and she reported to different immediate supervisors from

Plaintiff. Critically, her testimony regarding the nonrenewal of her own contract and settlement of her claim against Collin College, for which liability was denied, is insufficient as a matter of law to show any "custom" for purpose of *Monell* liability under 42 U.S.C. §1983. See *Saenz,* 2011 U.S. Dist. Lexis 52023 at *17-24 ("The Fifth Circuit has set the bar very high for the number of prior incidents necessary" to find a custom, noting, for example, that 27 previous complaints were not a sufficient number to find custom). In addition, any probative value of admitting her testimony does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 403.

4.  Stacy Donald – Dr. Donald's anticipated testimony is irrelevant to any material issue. Irrelevant testimony is not admissible. See Fed. R. Evid. 401, 402. More specifically, Dr. Donald testified at her deposition that she does not know the reasons given for Plaintiff's contract nonrenewal, a topic for which she knows "like almost nothing." (Donald deposition, pp. 19-20). Moreover, any testimony regarding the nonrenewals of the contracts of Suzanne Jones and Audra Heaslip is irrelevant for the reasons discussed above regarding these two dissimilar professors. Still further, Dr. Donald is not a party to this suit and, as an individual board of trustees member, she cannot individually speak for or bind the College. See, e.g., *Toyah Indep. Sch. Dist. v. Pecos-Barstow Indep. Sch. Dist.*, 466 S.W.2d 377, 380 (Tex. Civ. App. – San Antonio 1971, no writ) ("[L]ocal governing bodies are entities and the members can perform no valid act except as a body at meetings properly convened and conducted."); *Test Masters Educ. Servs. v. Houston Indep. Sch. Dist.*, 2003 Tex. App. Lexis 6869, *6-7 (Tex. App. - Houston [14th Dist.] 2003, no pet.) ("Statements or acts of individuals, not acting corporately as a body, are ineffectual."). See also Collin College policies BA (LEGAL), BAA (LEGAL), BBE (LEGAL), BBE (LOCAL).[1] Finally,

---

[1] Policies are available on-line at www.collin.edu.

any probative value of admitting her testimony does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 403.

5.      Dr. J. Robert Collins – Dr. Collins anticipated testimony is irrelevant to any material issue. Irrelevant testimony is not admissible. See Fed. R. Evid. 401, 402. More specifically, Dr. Collins has no personal knowledge regarding the nonrenewal of Plaintiff's contract – that decision was not made by, nor did it involve, the College's board of trustees. Still further, Dr. Collins is not a party to this suit and, as an individual board of trustees member, he cannot individually speak for or bind the College. See authorities cited *supra*. Finally, any probative value of admitting his testimony does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 403.

## **Objections to Plaintiff's Trial Exhibits**

Defendants object to the following trial exhibits identified by Plaintiff in the Joint Pre-Trial Order (see Dkt. 73-3):[2]

1. Defendants object to Plaintiff's Trial Exhibits 1-4 because these are the parties' pleadings. Pleadings are not evidence and the issues for trial are framed by the Pretrial Order and the Jury Charge.

2. Defendants object to Plaintiff's Trial Exhibits 5-38, 40 because although a party may usually formally offer the opposing party's discovery responses as evidence at trial, only material and relevant responses should be admitted. Here, the introduction of Defendants' discovery responses in bulk will introduce immaterial and irrelevant evidence at trial, thereby causing jury confusion and/or distraction. To avoid this, the

---

[2] Plaintiff's trial exhibit list does not provide specific exhibit numbers (see Dkt 73-3), so these objections will refer to Plaintiff's exhibits in the order listed in Plaintiff's list. For example, Plaintiff's Complaint is listed first on the exhibit list, so it is referred to as Plaintiff's Trial Exhibit 1.

Court should order Plaintiff to prepare and use redacted versions of these discovery responses that include only the individual discovery responses that he intends to rely on at trial. See *Noviello v. Holloway Funding Grp.*, 2023 U.S. Dist. Lexis 30591, *13-14 (N.D. Tex. 2023) ("To avoid jury confusion or distraction, the Court will order that Noviello must prepare and use redacted versions of Exhibit 15 that include only each individual interrogatory answer that he intends to rely on at trial.").

3. Defendants object to Plaintiff's Trial Exhibit 39 because Defendants' privilege log (1) is not relevant - that is, this exhibit is of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

4. Defendants object to Plaintiff's Trial Exhibit 41 because these unauthenticated videos are not relevant - that is, this exhibit is of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  Moreover, these videos contain inadmissible hearsay. See Fed. R. Evid. 802. The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means. Fed. R. Evid. 103(d).

5. Defendants object to Plaintiff's Trial Exhibits 42-46 because Plaintiff's own self-serving discovery responses are not admissible as ***Plaintiff's*** evidence (as opposed to

Defendants' evidence) at trial. See *Underberg v. United States*, 362 F.Supp.2d 1278, 183 (D.N.M. 2005) ("a litigant may not introduce statements from its own answers to interrogatories or requests for admission as evidence"); *Gilmore v. Macy's Retail Holdings*, 2009 U.S. Dist. Lexis 4937, *31-32 (D.N.J. 2009) (same).

6.   Defendants object to Plaintiff's Trial Exhibits 47, 48 because these unrelated employee complaints are not relevant - that is, these exhibits are of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

7.   Defendants object to Plaintiff's Trial Exhibits 57, 58 because these two third-party articles are not relevant - that is, these exhibits are of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  Moreover, these articles contain inadmissible hearsay. See Fed. R. Evid. 802. The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

8.   Defendants object to Plaintiff's Trial Exhibits 59-67 because these letters are not relevant - that is, these exhibits are of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4)

will cause undue prejudice.  See Fed. R. Evid. 401, 403.  Moreover, these letters contain inadmissible hearsay. See Fed. R. Evid. 802. The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

9.  Defendants object to Plaintiff's Trial Exhibits 68, 69 because these so-called investigative reports are both conclusory and not relevant - that is, this exhibit is of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  Moreover, these reports contain inadmissible hearsay. See Fed. R. Evid. 802. The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

10.  Defendants object to Plaintiff's Trial Exhibits 70-76, 78, 89, 92, 96, 97, 103, 107-110, 124, 126, 132 because these exhibits are not relevant - that is, these exhibits are of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

11.  Defendants object to Plaintiff's Trial Exhibits 100, 102, 133 because these text messages are not relevant - that is, these exhibits are of no consequence in determining any of Plaintiff's claims (irrelevant evidence is not admissible, Fed. R. Evid. 402); (2) will waste the jury's time; (3) will needlessly present cumulative, unnecessary

evidence; and/or (4) will cause undue prejudice.  See Fed. R. Evid. 401, 403.  Moreover, these texts contain inadmissible hearsay. See Fed. R. Evid. 802. The Court should conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d).

12. Defendants object to Plaintiff's Trial Exhibit 129 based on the confidentiality/privacy concerns of the non-parties named in this summary of employment contract recommendations. To satisfy these concerns, the Court should order Plaintiff to prepare and use a redacted version of this document using just the initials instead of the names of the various non-parties listed therein.

13. Defendants do not object to the remaining trial exhibits identified by Plaintiff:  Trial Exhibits 49-56, 77, 79-88, 90, 91, 93-95, 98, 99, 101, 104-106, 111-123, 125, 127, 128, 130, 131, 134-146.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Charles J. Crawford*
**RICHARD M. ABERNATHY**
State Bar No. 00809500
**CHARLES J. CRAWFORD**
State Bar No. 05018900
1700 Redbud Blvd, Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**And**

/s/Robert J. Davis
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT, EDEN,**
**DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
Telephone: (972) 234-3400
Facsimile: (972) 234-1750
bdavis@mssattorneys.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 14, 2023, a true and correct copy of Defendants' Objections to Plaintiffs' Trial Witnesses and Trial Exhibits Listed in Pre-Trial Order was served upon Plaintiff's counsel via the Court's ECF system.

/s/ Charles J. Crawford
Charles J. Crawford