IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.: 4-22-cv-184 |
| COLLIN COMMUNITY COLLEGE DISTRICT, et al. | § § § § | |
| *Defendants.* | § § | |

## ORDER IN LIMINE

The Court makes the following rulings on Defendants' motion in limine:

Defendants ask the Court to prohibit Plaintiff from offering any of the following matters without first asking for a ruling on the admissibility of the matter from the Court outside the jury's presence.

1. Any evidence, statement, or argument that Defendants have liability insurance coverage. *See* Fed. R. Evid. 511; *Higgins v. Hicks Co.*, 756 F.2d 681, 684-85 (8th Cir. 1985).

   **Granted** ___X___    **Denied** _____    **Agreed** _____

2. Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs. Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

   **Granted** _____    **Denied** _____    **Agreed** ___X___

3. Any evidence from or concerning an expert witness who was not timely designated as an expert pursuant to the Court's Scheduling Order [Dkt. #46 and 52].

   **Granted** _____    **Denied** _____    **Agreed** ___X___

4. Any persons or documents that Plaintiff did not identify in his disclosure responses, interrogatory responses, or responses to requests for production. Plaintiff should not be permitted to present any witness he did not name in his disclosures or interrogatories or any documents he did not produce in response to any discovery. *See* Local Rule CV-26(d).

**Granted** _____   **Denied** \_\_\_X_____   **Agreed** _____

5. Any evidence, statement, or argument suggesting Defendants, through their attorneys, asserted claims of privilege or immunity during discovery. Claims of privilege or immunity are not admissible as evidence. *See* Fed. R. Evid. 501.

**Granted and mutual** \_\_\_X_____   **Denied** _____   **Agreed** _____

6. Any attempt to elicit testimony from Defendants about communications with their attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.

**Granted** \_\_\_X_____   **Denied** _____   **Agreed** _____

7. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

**Granted** _____   **Denied** \_\_\_X_____   **Agreed** _____

8. Any attempt to ask Defendants' attorneys to produce documents, to stipulate to any fact or to make any agreement in the presence of the jury.

**Granted** \_\_\_X_____   **Denied** _____   **Agreed** _____

9. Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to this case.

**Granted** _____   **Denied** \_\_\_X_____   **Agreed** _____

10. Any evidence, statement, or argument about who would pay any damages awarded. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted ___X___   Denied _____   Agreed _____

11. Any evidence, statement, or argument of other claims, allegations, or lawsuits against any of the Defendants. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted ___X___   Denied _____   Agreed _____

12. Any evidence, statement, or argument attempting to impose liability on or arouse prejudice against Collin College simply because it is a governmental entity. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted ___X___   Denied _____   Agreed _____

13. Any evidence, statement, or argument that Plaintiff is a religious man, goes to church every Sunday, tithes, and the like. Evidence of a witness's religious beliefs is not admissible to enhance or impair credibility. *See* Fed. R. Evid. 610.

Granted _____   Denied ___X___   Agreed _____

14. Any evidence, statement, or argument concerning news media, social media, or any other publicity about Plaintiff, all Defendants, or this case, or any suggestion that such media or publicity is true and correct. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

  Granted _____    Denied  X     Agreed _____

  15. Any evidence, statement or argument concerning any hearsay statements of others. Hearsay is not admissible. Further, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

  Granted _____    Denied  X     Agreed _____

  16. Any evidence, statement or argument eliciting testimony for which the witness has no personal knowledge and/or is speculation, since speculation is not admissible. Further, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

  Granted _____    Denied  X     Agreed _____

  17. Any evidence, statement or argument concerning the character or reputation or specific instances of conduct of any person or party to this suit except as to reputation for truthfulness or untruthfulness. Fed. R. Evid. 405, 608.

  Granted _____    Denied  X     Agreed _____

  18. Any evidence, statement or argument concerning a so-called investigative report by a faculty dues' paying organization, the American Association of University Professors (AAUP). This report is inadmissible hearsay and its contents are hearsay, is not based on personal knowledge, is speculation, and consists of conclusions/conclusory statements of fact, legal conclusions, and impermissible opinions. Further, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

  Granted _____    Denied  X     Agreed _____

19. Any evidence, statement or argument concerning the employment/termination of Lora Burnett, Suzanne Jones and/or Audra Heaslip, or any other employee. Such evidence/testimony is insufficient as a matter of law to show a "custom" for purpose of *Monell* liability under 42 U.S.C. §1983. See *Saenz v. Dallas Cnty. Cmty. College Dist.,* 2011 U.S. Dist. Lexis 52023, *17-24 (N.D. Tex. 2011) ("The Fifth Circuit has set the bar very high for the number of prior incidents necessary" to find a custom, noting, for example, that 27 previous complaints were not a sufficient number to find custom). Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.             **UNDER ADVISEMENT**

**Granted** _____        **Denied** _____        **Agreed** _____

20. Any evidence, statement or argument concerning the contract nonrenewals of other college professors at any time, including professors Burnett, Heaslip, Jones, Hanson, or any others.. Such evidence/testimony is insufficient as a matter of law to show a "custom" for purpose of *Monell* liability under 42 U.S.C. §1983. See *Saenz v. Dallas Cnty. Cmty. College Dist.,* 2011 U.S. Dist. Lexis 52023, *17-24 (N.D. Tex. 2011) ("The Fifth Circuit has set the bar very high for the number of prior incidents necessary" to find a custom, noting, for example, that 27 previous complaints were not a sufficient number to find custom). Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.             **UNDER ADVISEMENT**

**Granted** _____        **Denied** _____        **Agreed** _____

21. Any evidence, statement or argument concerning reference to or allegations of any other persons treated more favorably than Plaintiff unless Plaintiff has first established that such person is similarly situated to Plaintiff. Unless this foundation is first established, such

evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

**Granted** __X__   **Denied** _____   **Agreed** _____

22. Any evidence, statement or argument concerning settlement agreements and/or nondisclosure agreements signed by other Collin College employees. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403. **UNDER ADVISEMENT**

**Granted** _____   **Denied** _____   **Agreed** _____

23. Any evidence, statement or argument concerning the unauthenticated video of Dr. Robert Collins at an apparent campaign event, or any other videos of members of the college's Board of Trustees. Such evidence is inadmissible hearsay. Further, this evidence is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403. **UNDER ADVISEMENT**

**Granted** _____   **Denied** _____   **Agreed** _____

24. Any evidence, statement or argument concerning any communications between the college and state legislators, including State Senator Jeff Leach. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

**Granted** __X__   **Denied** _____   **Agreed** _____

25. Any evidence, statement or argument concerning any communications between Collin College and either the AAUP or FIRE regarding other cases or claims. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted __X as to fire__     Denied __X as to AAUP__     Agreed _____

26. Any evidence, statement or argument concerning the First Amendment "training" of employees by Collin College or the lack thereof. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____     Denied __X__     Agreed _____

27. Any evidence, statement or argument concerning Plaintiff's union affiliation or membership in the Collin Texas Faculty Association. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____     Denied __X__     Agreed _____

28. Any evidence, statement or argument concerning communications between Collin College and Loyola University in Chicago. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted __X__     Denied _____     Agreed _____

29. Any evidence, statement or argument concerning communications and petitions from outside organizations in support of Plaintiff, including the Academic Freedom Alliance, American Historical Society, Texas Historical Association, East Texas Historical Society, PEN America, and Change.org. These petitions are inadmissible hearsay and contain inadmissible hearsay. Further, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____     Denied __X__     Agreed _____

30. Any evidence, statement, or argument concerning Collin College Faculty Council resolutions unrelated to Plaintiff. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____    Denied   X   Agreed _____

31. Any evidence, statement or argument concerning any lack of procedural due process at Collin College. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted   X   Denied _____    Agreed _____

32. Any evidence, statement or argument concerning future lost wages beyond Plaintiff's turning the age of 68 in the year 2028 since Plaintiff testified at his deposition that this is when he intends on retiring. Thus, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____    Denied   X   Agreed _____

33. Any evidence, statement or argument concerning any alleged disciplinary history of, or misconduct by, any individual Defendant. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted   X   Denied _____    Agreed _____

34. Any evidence, statement or argument concerning any text messages inadvertently deleted by Mary Barnes-Tilley. Because these text messages were preserved by Defendant

Streater, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____   Denied __X_____   Agreed _____

35. Any evidence, statement or argument concerning use of the "N" word by any college faculty member. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____   Denied _____   Agreed __X_____

36. Any evidence, statement or argument concerning "professional activists" referenced in Dr. Matkin's June 6, 2020 email to the Executive Leadership Team and mention of such email. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

Granted _____   Denied __X_____   Agreed _____

37. Any evidence, statement or argument concerning allegations of harassment or retaliation at Collin College unrelated to Plaintiff. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.   **UNDER ADVISEMENT**

Granted _____   Denied _____   Agreed _____

38. Any evidence, statement or argument from Plaintiff or any other lay witness as to what they have been told by any doctor, nurse, or other healthcare professional about the degree, cause, nature, or extent of any injuries to Plaintiff's physical, mental, emotional, and/or psychological condition. This is inadmissible hearsay. Further, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh

its prejudicial effect. Fed. R. Evid. 401, 403.   **UNDER ADVISEMENT**

**Granted** _____   **Denied** _____   **Agreed** _____

39.     Any evidence, statement or argument concerning Plaintiff's own belief or opinion regarding any medical, mental, and/or psychological condition, including any diagnosis or prognosis, and which Plaintiff contends resulted from allegedly retaliatory actions of Defendants, without first having established through competent expert testimony the appropriate foundation for a causal relationship between Plaintiff's alleged medical, mental, and/or psychological condition, including nay diagnosis or prognosis, and the retaliation made the basis of Plaintiff's lawsuit. Without establishing such a foundation, this evidence/testimony is incompetent speculation. Further, such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

**Granted** _____   **Denied**   X   _____   **Agreed** _____

40.     Any evidence, statement or argument concerning damages or the computation of damages not disclosed by Plaintiff in his disclosures. Fed. R. Civ. P. 37(c)(1) provides, in part, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery…is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

**Granted** _____   **Denied**   X   _____   **Agreed** _____

41.     Any evidence, statement or argument that a failure to award damages will cause Plaintiff deprivation or financial hardship. Such evidence/testimony is irrelevant and/or any probative value of admitting such evidence does not substantially outweigh its prejudicial effect. Fed. R. Evid. 401, 403.

**Granted**    X    **Denied** _____    **Agreed** _____

      42.    Any evidence, statement or argument by Plaintiff regarding the amount of compensation for mental anguish/emotional distress damages because there is no evidence of any damages suffered, there is no evidence of damages suffered that have a rational basis grounded in evidence; and there is no reason why the amount sought is reasonable and just. Plaintiff testified under oath at his deposition taken on March 22, 2023, in which he said in response to the question of how much is he asking or in emotional distress damages "I haven't done any specific dollar amount" and as of March 22, 2023, and he hasn't calculated the amount of emotional distress damages. (*See* Phillips deposition, pages 111, lines 21-25 and 112, lines 1-4). Since March 22, 2023, the Plaintiff has not provided the Defendants with an amount of mental anguish/emotional distress damages being sought against the Defendants. *See Gregory v. Chohan*, 2023 Tex. LEXIS 528, page 26.

**Granted** _____    **Denied**    X    **Agreed** _____

      **SIGNED this 24th day of October, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE