IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL PHILLIPS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:22-cv-184 |
| | § | |
| COLLIN COMMUNITY COLLEGE DISTRICT, et al. | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' OPPOSED REQUEST TO ENTER BILL OF COSTS

Defendants Collin County Community College District, legally known as Collin College ("Collin College") and Defendants H. Neil Matkin in his individual and official capacities as President of Collin College, Abe Johnson in his individual and official capacities as Senior Vice President of Campus Operations of Collin College, Mary Barnes-Tilley in her individual and official capacities as Provost of Collin College, Kristen Streater in her individual and official capacities as Dean of Collin College, and Chaelle O'Quin in her individual and official capacities as Associate Dean of Academic Affairs of Collin College (collectively, "Defendants") ask the clerk to enter the attached bill of costs, as authorized by Fed. R. Civ. P. 54 and Local Rule CV-54.

1. On November 16, 2023, the Court entered its Final Judgment on the Verdict wherein the Court dismissed Plaintiff's claims with prejudice. Dkt. 107.

2. As the prevailing party under the Court's judgment, Defendants are entitled to an award of all taxable costs incurred in litigating this dispute. See Fed. R. Civ. P. 54(d); *Feld Motor Sports, Inc. v. Traxxas, LP*, 2016 U.S. Dist. Lexis 62750, *49-62 (E.D. Tex. 2016) (Mazzant, J.).

3. Attached as Exhibit 1 is the bill of costs in the amount of $16,752.03, which includes costs that are allowed by law under 28 U.S.C. §1920. Specifically, these costs include the

fees paid for deposition transcripts/court reporter fees and for copies of trial exhibits required by court order.

4.  These costs are correctly stated and were actually and necessarily incurred. The costs were paid, and/or the obligation to pay the costs has been incurred. The appropriateness of these costs is demonstrated by the affidavit of Collin College's attorney, Charles J. Crawford, attached hereto as Exhibit 2. Specifically, the requested deposition transcript/court reporter costs are for the oral depositions of the parties, the oral depositions of the fact/trial witnesses subpoenaed/noticed by Plaintiff, and the depositions on written questions of multiple colleges/universities regarding mitigation of Plaintiff's alleged damages. All the deposed individuals were persons identified by Plaintiff in both disclosures and the pretrial order [Dkt. 87] as potential fact/trial witnesses. All the depositions on written questions to various colleges/universities related to Plaintiff's mitigation of alleged damages, which was a jury question. Thus, at the time the depositions were taken, each deposition was necessary to the case and could reasonably be expected to be used by the parties for both summary judgment and trial. All of these costs are recoverable by Defendants under 28 U.S.C. §1920. See *Feld Motor Sports,* 2016 U.S. Dist. Lexis 62750 at *49-62. In response to Plaintiff's objection to including the depositions on written questions as recoverable costs, "[g]enerally speaking, the costs of depositions on written questions and subpoenas are considered recoverable costs." *Rodriguez v. Phillips 66 Co.,* 2021 U.S. Dist. Lexis 219834, *3 (S.D. Tex. 2021); see also *Charles v. Sanchez,* 2015 U.S. Dist. Lexis 193892, *26 (W.D. Tex. 2015) ("Costs associated with depositions on written questions are recoverable."); *Hartnett v. Chase Bank of Tex. Nat'l Ass'n,* 1999 U.S. Dist. Lexis 16872, *8 (N.D. Tex. 1999) (allowing recovery of depositions on written questions as costs).

5. In addition, the requested copy costs are for copies of the following materials necessarily obtained for use in this case: pursuant to the Court's Order Regarding Exhibits [Dkt. 78], Defendants were required to make and provide two sets of paper copies of their trial exhibits (in three ring binders). Defendants had 52 paper trial exhibits, for a total of 714 pages.

6. For these reasons, Defendants ask the Court to enter the attached bill of costs in the amount of **$16,752.03**.

7. Pursuant to Local Rule CV-54, after a conference between counsel, Plaintiff opposes the award of $8,567.10 in costs to Collin College relating to the depositions on written questions.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/Charles J. Crawford*
**RICHARD M. ABERNATHY**
State Bar No. 00809500
**CHARLES J. CRAWFORD**
State Bar No. 05018900
1700 Redbud Blvd, Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that the conference requirements of Local Rule CV-54(b)(1) and (2) have been complied with by counsel. Plaintiff opposes the award of any costs to Collin College. See paragraph 7 above.

*/s/ Charles J. Crawford*
Charles J. Crawford

## CERTIFICATE OF SERVICE

      I certify that on November 30, 2023 a true and correct copy of the foregoing was served on Greg Gruebel via electronic mail and the Court's ECF System.

*/s/ Charles J. Crawford*
Charles J. Crawford
