THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL PHILLIPS,<br><br>*Plaintiff,*<br><br>v.<br><br>COLLIN COUNTY COMMUNITY COLLEGE DISTRICT, *et al.*,<br><br>*Defendants*. | Civil Action No.: 4:22-cv-184-ALM |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' PROPOSED BILL OF COSTS

Under Fed. R. Civ. P. 54 and Local Rule CV-54, Plaintiff Joseph Michael Phillips respectfully submits this opposition to Defendants' proposed Bill of Costs.

### BACKGROUND

On November 16, 2023, the Court entered its Final Judgment on the verdict, dismissing Plaintiff's claims with prejudice. Dkt. #107. On November 30, Defendants filed their Opposed Request to Enter Bill of Costs, which seeks costs not taxable under 28 U.S.C. § 1920. Specifically, Defendants improperly seek costs associated with obtaining depositions by written questions sent to 32 higher education institutions concerning Plaintiff's effort to mitigate his damages by seeking comparable employment. Dkt. #108.

### SUMMARY

Defendants are not entitled to the costs of obtaining depositions by written questions because they have failed to meet their burden to show that any fees charged are taxable under § 1920. In total, Defendants seek $8,567.10 for the costs of obtaining depositions by written

questions. Dkt. #108, p. 3. As such, the Court should reduce Defendants' Bill of Costs from $16,752.03 to $8,184.93.

If the Court finds that the fees associated with the depositions by written questions are taxable under § 1920, the amount sought by Defendants should still be reduced. Specifically, 15 depositions by written questions could not have reasonably been expected to be used at trial because they inquired about open positions outside of Plaintiff's reasonable geographic region. The costs associated with those 15 depositions by written questions total $4,169.70. In this case, the Court should reduce Defendants' Bill of Costs from $16,752.03 to $12,582.33.

## ARGUMENT

I. **Costs Related to Depositions by Written Questions are Only Recoverable as a Fee for Making Copies.**

Federal Rule of Civil Procedure 54 provides that the prevailing party to a lawsuit should be awarded costs. Under 28 U.S.C. § 1920, courts may only tax the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The burden is on the party seeking an award of costs to show entitlement to an award . . . ." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-CV-00764, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015).

Depositions by written questions are not enumerated in 28 U.S.C. § 1920, and federal courts in Texas have rejected a prevailing party's attempt to recover costs for depositions by

2

written questions as "transcripts necessarily obtained for use in the case" under § 1920(2). *See Hager v. Chilli's Bar & Grill*, No. 4:19-CV-0595, 2021 WL 2188683, at *1 (S.D. Tex. May 10, 2021), *report and recommendation adopted*, No. 4:19-CV-595, 2021 WL 2187942 (S.D. Tex. May 28, 2021); *Irving v. Freightliner, LLC*, No. 1:03-CV-1391, 2005 WL 8161397, at *2 (E.D. Tex. Aug. 18, 2005). Explaining its reasoning, one court noted it "does not interpret the term 'transcript' in § 1920 to include answers to written questions . . . .'" *Hager*, 2021 WL 2188683, at *1.

This Court has allowed recovery for costs associated with depositions by written questions so long as they are "costs of making copies of any materials where the copies are necessarily obtained for use in the case" under § 1920(4). *Members Only Dental, P.A. v. State Farm Lloyds*, No. 4:19-CV-00437, 2022 WL 2484553, at *6 (E.D. Tex. July 6, 2022) (quoting 28 U.S.C. §1920(4). However, as other federal courts in Texas have clarified, incidental fees associated with those depositions are not recoverable. *Rodriguez v. Phillips 66 Co.*, No. 3:19-CV-00209, 2021 WL 5298918, at *2 (S.D. Tex. Nov. 15, 2021) (refusing to award costs for shipping and processing fees, noticing attorney fees, document access fees, and electronic copying fee); *Royall v. Enter. Prods. Co.*, No. 3:19-CV-92, 2021 WL 4198400, at *7 (S.D. Tex. Mar. 17, 2021) (refusing to award fees for process of service fees and noticing of attorney fees).

## II. Defendants Have Not Sought Costs Related to Depositions by Written Questions as a Fee for Making Copies.

Defendants are not entitled to any cost for their depositions by written questions. Defendants seek reimbursement of their depositions by written questions as a cost under § 1920(2). Dkt. #108-3, p. 2 of 3. But Defendants have not identified any transcripts related to their depositions by written questions, and, as explained above, courts have rejected the theory that documents obtained from depositions by written questions are considered transcripts under § 1920(2). *Hager*, 2021 WL 2188683, at *1; *Irving*, 2005 WL 8161397, at *2. Thus, Defendants

have failed to meet their burden of showing an entitlement to an award of costs for the deposition by written questions under § 1920(2).

Nor have Defendants met their burden to recover costs for their depositions by written questions under § 1920(4), which allows costs for "making copies of any materials where the copies are necessarily obtained for use in the case." In fact, Defendants' invoices show that none of the charged fees were associated with making copies. Dkt. #108-3, p. 2 of 3; Dkt. #108-4, p. 10 of 48.  For example, the invoice for the deposition by written questions to Baylor University is comprised of the following: (1) custodian fee, (2) subpoena fee/written questions, (3) out of county fee, (4) federal notification fee, (5) attorney notification fee, (6) process server fee, (7) overnight fee, and (8) record scans fee. *Id.*[1] Notably, none of these fees are related to copying documents, and federal courts regularly reject prevailing parties' attempts to recover improper fees for depositions by written questions. *Rodriguez*, 2021 WL 5298918, at *2; *Royall*, 2021 WL 4198400, at *7. So even if Defendants sought costs related to their depositions by written question under § 1920(4), they would not be entitled to any costs because the invoices show that none of their charged fees related to copying documents.

To summarize, Defendants are not entitled to any costs related to their depositions by written questions because (1) they failed to show an entitlement to an award of costs under § 1920(2) because there are no transcripts related to the deposition by written questions; (2) they have failed to assert that the costs are recoverable under § 1920(4); and (3) the fees listed on the invoices for the depositions by written questions show that none of the fees are recoverable as a cost for making copies under § 1920(4).

---

[1] All of the Defendants' invoices for their depositions by written questions fail to identify any cost associated with making copies of the documents obtained by those depositions by written questions. Dkt. 108-4, pp. 10–24, 29–33, 36–47.

### III. Defendants' Depositions by Written Questions to Fifteen Institutions Were Unreasonable.

Fifteen of the thirty-two depositions by written questions could not have reasonably been expected to be used at trial because they inquired about open positions outside of Plaintiff's reasonable geographic region. Defendants assert that the depositions by written questions related to Plaintiff's mitigation of damages because they sought to find open positions for which Plaintiff could have applied. Dkt. #108, p. 2 of 4. Yet fifteen of the depositions by written questions sought information about job openings at institutions hundreds of miles from Plaintiff's residence in Collin County. Although plaintiffs must mitigate their damages by seeking comparable employment, courts across the country recognize that it is unreasonable to expect a plaintiff to commute hours for an open position. *Bergerson v. New York State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 526 F. App'x 109, 111 (2d Cir. 2013) (collecting cases).

For ease of reference, the following chart shows (1) the institution deposed, (2) the distance between the Plaintiff's home address and the institutions according to Google Maps, (3) the cost sought by Defendants for the deposition by written question, and (4) the record citation for the invoice for the institution:

| Institution | Distance | Cost | Record Citation |
| --- | --- | --- | --- |
| Western Governors University – Texas | 211 miles | $221.50 | Dkt. #108-4, p. 47 of 48 |
| Texas Tech University | 366 miles | $280.35 | Dkt. #108-4, p. 38 of 48 |
| Texas A&M University - College Station | 207 miles | $279.45 | Dkt. #108-4, p. 24 of 48 |
| Tarleton State University | 128 miles | $281.45 | Dkt. #108-4, p. 33 of 48 |
| The University of Texas at Tyler | 123 miles | $281.45 | Dkt. #108-4, p. 16 of 48 |

| The University of Texas at Austin | 221 miles | $284.45 | Dkt. #108-4, p. 46 of 48 |
| St. Edward's University | 226 miles | $282.35 | Dkt. #108-4, p. 36 of 48 |
| Paris Junior College | 94.5 miles | $380.65 | Dkt. #108-4, p. 14 of 48 |
| Navarro College | 83.2 miles | $264.45 | Dkt. #108-4, p. 43 of 48 |
| Lone Star Community College | 225 miles | $270.40 | Dkt. #108-4, p. 40 of 48 |
| Central Texas College | 184 miles | $259.45 | Dkt. #108-4, p. 22 of 48 |
| Blinn College | 240 miles | $254.45 | Dkt. #108-4, p. 11 of 48 |
| Baylor University | 122 miles | $274.45 | Dkt. #108-4, p. 10 of 48 |
| Austin Community College | 217 miles | $284.45 | Dkt. #108-4, p. 21 of 48 |
| University of Houston | 268 miles | $270.40 | Dkt. #108-4, p. 31 of 48 |

These depositions by written questions account for $4,169.70 of Defendants' costs. As this chart makes clear, Defendants cast an unreasonably wide net when searching for open positions, and Plaintiff should not be required to fund their fishing expedition retroactively.

## **CONCLUSION**

Because Defendants seek costs related to depositions by written questions that are not taxable under § 1920, the Court should reduce Defendants' Bill of Costs from $16,752.03 to $8,184.93. If the Court determines that Defendants costs related to depositions by written questions are recoverable, the Court should still reduce Defendants' Bill of Costs from $16,752.03 to $12,582.33 because fifteen of the depositions by written questions were unreasonable.

Dated: December 14, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Greg H. Greubel* <br> GREG HAROLD GREUBEL* <br> PA Bar No. 321130; NJ Bar No. 171622015; CA Bar. No. 343028 <br> JOSHUA T. BLEISCH* <br> IN Bar No. 35859-53 <br> FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION <br> 510 Walnut Street <br> Philadelphia, PA 19106 <br> Tel: (215) 717-3473 <br> greg.greubel@thefire.org <br> josh.bleisch@thefire.org <br> *Admitted *Pro Hac Vice* | ROBERT W. SCHMIDT <br> TX Bar No. 17775429 <br> CREWS LAW FIRM, P.C. <br> 701 Brazos Street; Suite 900 <br> Austin, TX 78701 <br> Tel: (512) 346-7077, Ext. 103 <br> schmidt@crewsfirm.com |

*Counsel for Plaintiff Joseph Michael Phillips*

## CERTIFICATE OF SERVICE

Plaintiff's counsel confirms that a true and correct copy of the foregoing Opposition to Defendants' Proposed Bill of Costs was served via email on this day, December 14, 2023 to the parties indicated below.

Charles Joseph Crawford
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4000
ccrawford@abernathy-law.com

Richard Mercer Abernathy
ABERNATHY ROEDER BOYD & HULLETT, PC
1700 Redbud Blvd., Ste 300
McKinney, TX 75069
Tel: (214) 544-4040
rabernathy@abernathy-law.com

Joseph Bailey McShane, IV
Matthews Shiels Knott Eden Davis & Beanland LLP - Dallas
8131 LBJ Freeway, Ste. 700
Dallas, TX 75251
Tel: (972) 234-3400
bmcshane@mssattorneys.com

Robert Jacob Davis
MATTHEWS SHIELS KNOTT EDEN DAVIS & BEANLAND LLP - DALLAS
8131 LBJ Freeway, Ste. 700
Dallas, TX 75251
Tel: (972) 234-3400
bdavis@mssattorneys.com

*Counsel for Defendants*

Date: December 14, 2023

*/s/ Greg Harold Greubel*
Greg H. Greubel