# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JOHN MICHAEL PHILLIPS, § | |
| § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:22-cv-184 |
| § | Judge Mazzant |
| COLLIN COUNTY COMMUNITY § | |
| COLLEGE DISTRICT, *et al.*, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Opposed Request to Enter Bill of Costs (Dkt. #108). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

On November 6, 2023, this action came for a trial before a jury (Dkt. #107). After the jury pronounced its verdict, the Court entered Final Judgment upon it (Dkt. #107). Through its Order, the Court entered a take-nothing-judgment in Defendants' favor and dismissed Plaintiff's case against Defendants with prejudice (Dkt. #107). Given that the Court has already entered Final Judgment and that the matter now pending before the Court concerns post-trial recovery of litigation costs, the Court need not recite the facts of the case here. Instead, the Court will summarize the relevant procedural history of the current controversy.

After entry of Final Judgment, Defendants filed the instant Motion (Dkt. #108). Through it, Defendants seek a bill of costs to the tune of $16,752.03 (Dkt. #108 at p. 3). Plaintiff promptly filed his Response, through which he disputes the appropriate sum of Defendants' requested award

(Dkt. #109). Specifically, Plaintiff seeks to reduce Defendants' award by $8,567.10 (Dkt. #109 at p. 6; Dkt. #108 at p. 3). Defendants swiftly filed their Reply, through which they maintain their entitlement to a full award of $16,752.03 (Dkt. #110).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) dictates that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This provision "creates a 'strong presumption' in favor of awarding costs to a prevailing party, and 'a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'" *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)); *see also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). This is so because the denial of costs is considered "in the nature of a penalty." *Shwarz*, 767 at 131.

Awardable costs are set forth by the federal costs statute, 28 U.S.C. § 1920. Under § 1920, courts may award the following types of costs to the prevailing party:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under 28 U.S.C. § 1923;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

*Id.* § 1920. The United States "Supreme Court has indicated that federal courts may only award those costs articulated in § 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007). The party seeking recovery under § 1920 bears the burden of proving the amount and necessity of those costs. *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). The prevailing party carries the burden to demonstrate that the costs it seeks are recoverable. *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012), *aff'd sub nom. Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 Fed. App'x. 928 (Fed. Cir. 2013).

The Court has discretion to deny costs when the "'suit was brought in good faith *and* denial is based on at least one of the following factors: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (4th ed. 1998).

## ANALYSIS

The Court begins with the parties' arguments. Defendants contend that, because they are the prevailing party in this litigation, they are "entitled to an award of all taxable costs incurred in

3

litigating this dispute" (Dkt. #108 at p. 1). Defendants seek a grand total of $16,752.03 in costs that they claim the Court may award under 28 U.S.C. § 1920 (Dkt. #108 at p. 2). In support, Defendants have tendered as an exhibit their Proposed Bill of Costs (Dkt. #108-1), which includes three line items. In the first, Defendants declare that they incurred $16,609.23 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case (Dkt. #108-1 at p. 2). In the second, Defendants declare that they incurred $142.80 in costs for exemplification and the costs of making copies of materials necessarily obtained for use in the case (Dkt. #108-1 at p. 2). The final line item claims an entitlement to the sum of the first and second line—$16,752.03 (Dkt. #108-1 at p. 2).

Defendants claim these costs are comprised of expenses associated with deposition transcripts, court reporters for oral depositions of the parties, oral depositions of fact and trial witnesses, and for "depositions on written questions of multiple colleges/universities regarding mitigation of Plaintiff's alleged damages" (Dkt. #108 at p. 2). According to Defendants, all of these depositions were of "persons identified by Plaintiff in both disclosures and the [P]retrial [O]rder" (Dkt. #108 at p. 2). Defendants aver that these costs were appropriate as demonstrated by their counsel's affidavit (Dkt. #108 at p. 2). Further, Defendants claim that each deposition, including the depositions on written questions, were necessary and expected to be used during the summary judgment phase and at trial (Dkt. #108 at p. 2). Finally, Defendants claim that the expenses they incurred by making copies were necessarily obtained for use in the case because of this Court's Order Regarding Exhibits (Dkt. #78), which required Defendants to make and provide two sets of binders containing paper copies of their trial exhibits (Dkt. #108 at p. 3).

For his part, Plaintiff opposes the imposition of about half of Defendants' requested costs. Specifically, Plaintiff disputes the award of $8,567.10 of the $16,752.03 that Defendants request (Dkt. #109 at p. 1). In support, Plaintiff argues that "Defendants are not entitled to the costs of obtaining depositions by written questions because they have failed to meet their burden to show that any fees charged are taxable under § 1920" (Dkt. #109 at p. 1). Accordingly, Defendants assert that the Court should reduce Defendants' requested award to $8,184.93 (Dkt. #109 at p. 2). In the alternative, Plaintiff argues that, if the fees associated with depositions by written questions are taxable under § 1920, the Court should reduce the award from $8,567.10 to $4,169.70 for a grand total of $12,582.33 (Dkt. #109 at p. 2).

Accordingly, the imposition of $8,184.93 in fees is undisputed (*See* Dkt. #109 at p. 1–2, 6). As a threshold matter, the Court notes that Plaintiff does not dispute that Defendants are prevailing parties under Rule 54 (*See* Dkt. #109). And there is no question that Defendants are, in fact, prevailing parties. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 542 U.S. 598, 603 (2001); *Veasy v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021). Thus, first, the Court will assess the imposition of the undisputed sum of $8,184.93. Then, the Court will determine whether fees associated with written depositions may be awarded under § 1920. If so, the Court will turn to whether Defendants have met their burden to show that the costs were necessary, and whether the total amount should be reduced. As explained below, costs associated with written depositions are taxable under § 1920 only if they constitute the costs of making copies under § 1920(4). Here, though, Defendants do not seek such costs and have not established that they should recover costs associated with their depositions on written questions. Accordingly, Defendants' requested amount should be reduced.

5

I. **Undisputed Litigation Costs**

The Court begins with assessing the costs Defendants seek that are not in dispute. That is, $8,184.93 (*See* Dkt. #109 at p. 2). Because Plaintiff has not objected, the Court grants Defendants' request. The Court need go no further. Accordingly, the Court awards $8,184.93 to Defendants. The remaining items discussed in this Order are disputed.

II. **Litigation Costs Related to Depositions by Written Questions**

Turning next to the question of whether costs related to depositions by written questions are recoverable under § 1920, Plaintiff contends that they are not, unless such costs constitute the cost of making copies under § 1920(4) (Dkt. #109 at p. 2). To ground that position, Plaintiff notes that § 1920's list of enumerated taxable costs do not expressly include depositions on written questions. *See* 28 U.S.C. § 1920. Moreover, Plaintiff asserts that "federal courts in Texas have rejected a prevailing party's attempt to recover costs for depositions by written questions as 'transcripts necessarily obtained for use in the case' under § 1920(2)" (Dkt. #109 at pp. 2–3) (citing *Hager v. Chilli's Bar & Grill*, No. 4:19-CV-0595, 2021 WL 2188683, at *1 (S.D. Tex. May 10, 2021), *report and recommendation adopted*, No. 4:19-CV-595, 2021 WL 2187942 (S.D. Tex. May 28, 2021); *Irving v. Freightliner, LLC*, No. 1:03-CV-1391, 2005 WL 8161397, at *2 (E. D. Tex. Aug. 18, 2005)). Further, Plaintiff points the Court to its prior decision in *Members Only Dental, P.A. v. State Farm Lloyds* for the proposition that the Court has allowed written deposition cost recovery only where the costs constitute "costs of making copies of any materials where the copies are necessarily obtained for use in the case" under § 1920(4)" (Dkt. #109 at p. 3) (citing No. 4:19-CV-00437, 2022 WL 2484553, at *6 (E.D. Tex. July 6, 2022)). Plaintiff goes on to suggest that "other federal courts in Texas have clarified" that such "incidental fees associated with [written]

6

depositions are not recoverable" (Dkt. #109 at p. 3) (citing *Rodriguez v. Phillips 66 Co.*, No. 3:19-CV-00209, 2021 WL 5298918, at *2 (S.D. Tex. Nov. 15, 2021); *Royall v. Enter. Prods. Co.*, No. 3:19-CV-92, 2021 WL 4198400, at *7 (S.D. Tex. Mar. 17, 2021)).

Defendants counter with caselaw of their own, arguing that, "'generally speaking, the costs of depositions on written questions and subpoenas are considered recoverable costs'" (Dkt. #108 at p. 2) (quoting *Rodriguez*, 2021 WL 5298918, at *2). In further support, Defendants cite *Charles v. Sanchez* from the Western District of Texas for the proposition that "costs associated with depositions on written questions are recoverable" (Dkt. #108 at p. 2) (quoting *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 11439074, at *10 (W.D. Tex. Oct. 7, 2015)). Defendants also cite *Hartnett v. Chase Bank of Tex. Nat'l Ass'n* for a similar proposition (Dkt. #108 at p. 2) (citing No. 3-98-CV-1061-L, 1999 WL 977757, at *3 (N.D. Tex. Oct. 26, 1999)).

The Court begins with the text of the statute, which does not expressly contemplate recovery of costs associated with written depositions. *See* 28 U.S.C. § 1920. No less, as this Court has noted previously, "'[c]ourts within the Fifth Circuit have found that costs associated with . . . depositions on written questions are provided for by § 1920 as deposition costs.'" *Members Only*, 2022 WL 2484553, at *6 (quoting *Ervin v. Masters Res., LLC*, No. CV G-07-233, 2009 WL 10709756, at *2 (S.D. Tex. Aug. 10, 2009)). Other courts have held the same. *See, e.g.*, *Rodriguez*, 2021 WL 5298918, at * 2 ("Generally speaking, the costs of depositions on written questions and subpoenas are considered recoverable costs."); *Charles*, 2015 WL 11439074, at *10 ("Costs associated with depositions on written questions are recoverable."); *Hartnett*, 1999 WL 977757, at *3 (permitting recovery of costs associated with written depositions); *Casarez v. Val Verde Cnty.*, 27 F. Supp. 2d 749, 751 (W.D. Tex. 1998).

7

The Court has not held that all costs associated with written depositions are recoverable under § 1920. In *Members Only*, the Court noted that "courts within the Fifth Circuit have found that costs associated with depositions on written questions are provided for by § 1920 as deposition costs" when those costs may be construed as "costs of making copies under § 1920(4) so long as the copies are necessarily obtained for use in the case." *Members Only*, 2022 WL 2484553, at *6; *see also* 28 U.S.C. § 1920(4); *Long*, 807 F.3d at 130. And as Plaintiff correctly notes, fees incidental to depositions by written questions are not recoverable under § 1920. *See Rodriguez*, 2021 WL 5298918, at * 2 (citing *Long*, 807 F.3d at 133).

The Court agrees with Plaintiff that a deposition by written question is not taxable as a "transcript" under the plain language of § 1920(2). Turning first to the depositions on written questions themselves, a written deposition is not a transcript under § 1920(2). *See* 28 U.S.C. § 1920(2); *Irving*, 2005 WL 8161397 at *2. A deposition on written questions is a discovery tool that is not contemplated by § 1920. Defendants fault Plaintiff for relying on unpublished authority for the notion that depositions by written questions do not constitute transcripts within the meaning of § 1920(2) (*See* Dkt. #110 at pp. 1–2, n.1). Defendants also contend that the opinions Plaintiff invoke to anchor his position "cite[] no authority" for their interpretation of § 1920(2) (Dkt. #110 at p. 3) (citing *Hager*, 2021 WL 2188683, at *1). But Defendants—who bear the burden to show that they are entitled to recover the fees which they seek—cite nothing to show how, specifically, they are entitled to recover costs associated with a written deposition under § 1920(2). *See Eolas Techs. Inc.*, 891 F. Supp. 2d at 804; *Holmes*, 11 F.3d at 64. Defendants ignore the text of the statute insofar as they advance no real argument that a deposition on written questions constitutes a transcript under § 1920 (*See* Dkt. #108; Dkt. #110).

Defendants also ignore that the Southern District of Texas's analysis of § 1920 is rooted in its text, and in that way, is rather self-explanatory. *Compare Hager*, 2021 WL 2188683, at *1 ("The Court does not interpret the term 'transcript' in § 1920 to include answers to written questions . . . ."), *with* 28 U.S.C. § 1920(2). A "transcript" is "a handwritten, printed, or typed copy of testimony given orally" or "the official record of proceedings in a trial or hearing, as taken down by the court reporter." *Transcript*, BLACK'S LAW DICTIONARY (12th ed. 2024). In contrast, a deposition on written questions, formerly known as a deposition on written interrogatories, is "a deposition given in response to a prepared set of written questions, as opposed to a typical oral deposition." *Deposition on Written Questions*, BLACK'S LAW DICTIONARY (12th ed. 2024) (citing FED. R. CIV. P. 31). It seems axiomatic that a written deposition, as a matter of text, is not—nor does it produce—a transcript such that the costs of the written deposition may be recovered under § 1902(2). Defendants provide the Court with no specific, persuasive reason to depart from that plain text. Instead, they paint with a broad brush and repeat, "[g]enerally speaking, the costs of depositions on written questions and subpoenas are considered recoverable costs" (Dkt. #110 at p. 2, n. 1) (citation omitted). That is not enough. It is also not correct as a matter of textualism. Accordingly, the only way in which Defendants may recover the costs they seek related to their depositions on written questions are if their fees can be construed as the cost of making copies under § 1920(4). They cannot.

As this Court has observed, courts within this Circuit permit recovery of costs associated with depositions on written questions under § 1920 when those costs constitute "costs of making copies under § 1920(4) so long as the copies are necessarily obtained for use in the case." *Members Only*, 2022 WL 2484553, at *6; *see also Irving*, 2005 WL 8161397 at *2. Defendants make no

argument whatsoever that they seek an award of fees related to their depositions on written questions as a fee for making copies under § 1920(4) (*See* Dkt. #108; Dkt. #110). In fact, Defendants go further. It appears that Defendants actually tacitly admit—if not expressly pronounce—that they do *not* seek an award of costs on that basis. Specifically, in attempting to combat Plaintiff's arguments, Defendants characterize *Irving* as "inapposite" (Dkt. #110 at p. 2, n.1) (citing *Irving*, 2005 WL 8161397 at *2). In so doing, Defendants argue that *Irving* "concerned the costs of copies the defendant obtained with depositions by written questions, not the depositions themselves" (Dkt. #110 at p. 2, n.1). Thus, it would seem that Defendants admit that they do not seek any fees for making copies (*See* Dkt. #110 at p. 2, n.1). Indeed, their Proposed Bill of Costs includes only a request for $142.80 as a cost of making copies (*See* Dkt. #108-1 at p. 2).

For the avoidance of doubt, even if Defendants did seek an award of fees associated with their depositions on written questions as a cost of making copies, the Court would not be persuaded. Defendants have not satisfied their burden to show how any of the costs related to their depositions on written questions are recoverable under § 1920(4). As Plaintiff observes, "all of Defendants' invoices for their depositions by written questions fail to identify any cost associated with making copies of the documents obtained by those depositions by written questions" (Dkt. #109 at p. 4, n.1). Specifically, the invoices for Defendants' depositions on written questions seek fees categorized as: (1) custodian fee, (2) subpoena fee/written questions; (3) out of county fee; (4) federal notification fee; (5) attorney notification fee; (6) process service fee; (7) overnight fee; (8) record scans fee; (9) hand-service of subpoena fee; (10) notary trip fee; (11) witness fee; and (12) certified mail fee (Dkt. #108-4 at pp. 10–24, 29–33, 36–47). Because these fees are in no way

related to making copies, they are not recoverable under § 1920(4), so the argument goes. As explained below, Plaintiff is correct.

Defendants claim that "most, if not all, of the fees that are listed on [their] supporting invoices are recoverable costs under § 1920, including witness fees, subpoenas, and administrative fees that were a necessary component of the cost of obtaining these deposition transcripts" (Dkt. #110 at p. 3). Defendants' argument is flawed for two reasons. First, as the Court has already addressed, responses to depositions on written questions are not transcripts. Second, the law Defendants cite in support of their effort to recover these ancillary fees does not suggest Defendants' entitlement to the fees that they seek. First, as relevant here, *Members Only* does not stand for the proposition that any "witness fee" for a deposition on a written question is recoverable, as Defendants seem to claim (*See* Dkt. #110 at p. 3) (citing 2022 WL 2482553, at *4). As contemplated by *Members Only*, those fees involve witnesses who either testified at trial or were deposed—not witnesses involved in written depositions, as the witnesses at issue here were. *See* 2022 WL 2482553, at *4. Second, *Royall v. Enter Prods. Co.*, which Defendants rely on to suggest that their witness and subpoena fees are recoverable, demonstrates why the fees Defendants' seek are *not* recoverable. There, the Court disallowed costs associated with private services of subpoenas and attorney notices as outside of § 1920's reach. 2021 WL 4198400, at *7. The Court did, however, allow taxation of fees for "witnesses" under § 1920(3). *Id.*

As to so-called "administrative fees," Defendants cite *Aircraft Holdings Sols., LLC v. Learjet, Inc.*, for the proposition that they are recoverable (Dkt. #110 at p. 3) (citing No. 3:18-CV-0823-D, 2022 WL 1505861, at *6 (N.D. Tex. May 11, 2022)). But Defendants ignore that there, the district court stated that "courts refuse to award costs for . . . 'administrative fees,' . . . when

11

the court is unable to conclude that the packages were a necessary component of the cost of obtaining any deposition transcript." *Aircraft Holdings*, 2022 WL 150861, at *6 (internal citation omitted). "Courts have denied these costs when the prevailing party fails to provide 'necessary detail' for the court to make an award" *Id.* Similarly, *Cadle Co. v. Keyser*, which Defendants also use in support of their request for administrative fees, once again, concerns fees associated with a transcript—not a deposition on written questions (*See* Dkt. #110 at p. 3); *Cadle Co. v. Keyser*, No. 5:15-CV-00217-RP, 2016 WL 5947417, at *4 (W.D. Tex. June 29, 2016).

Here, it is plain from the face of the invoices Defendants submit in furtherance of their requested award of costs that the fees ancillary to depositions on written questions have nothing to do with making copies such that the costs may be recoverable under § 1920(4), or any other provision of § 1920 (*See* Dkt. #108-4 at pp. 10–24, 29–33, 36–47). Accordingly, the Court sustains Plaintiff's objections as to Defendants' request for: (1) custodian fees, (2) out of county fees; (3) federal notification fees; (4) attorney notification fees; (5) overnight fees; (6) record scans fees; (7) notary trip fees; and (8) certified mail fees. Those costs are disallowed because Defendants did not satisfy their burden to show that such costs are taxable under § 1920.

The remaining costs subject to dispute are the "subpoena/written question" fees, "process service" fees, "hand-service of subpoena" fees, and "witness fees." (*See* Dkt. #108-4 at pp. 10–24, 29–33, 36–47). The Court must similarly disallow recovery of those costs, starting with subpoena fees and process service fees. True enough, as Defendants point out, in *Rodriguez*, the district court permitted recovery of subpoena fees associated with depositions on written questions. 2021 WL 5298918, at *2–3. However, 28 U.S.C. § 1920(1) permits recovery of fees charged by the "clerk" or "marshal"—not private servers. The Fifth Circuit has held that

"outside of 'exceptional' circumstances, the costs of a private process server are not recoverable." *Royall*, 2021 WL 4198400, at *5 (quoting *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997)). Defendants have not suggested that any of these subpoena or service fees were incurred at the hand of the clerk or marshal (*See* Dkt. #108; Dkt. #110). On this record, the Court has no reason to believe that these costs are attributable to the clerk or marshal. Thus, the Court assumes that the costs are derived from private service. *See Royall*, 2021 WL 4198400, at *7. Accordingly, Defendants' sought costs for: (1) subpoena fees/written questions[1]; (2) process service fees; and (3) hand-service of subpoena fees are disallowed. Defendants have not met their burden to show that such expenses are taxable under § 1920.

Finally, the Court turns to the issue of witness fees. Though Defendants' Proposed Bill of Costs does not include a line item for witness fees (*see* Dkt. #108-1 at p. 2), each invoice related to the costs of Defendants depositions on written questions include a $40 charge as a "witness fee," which Defendants seek to recover (*See* Dkt. #108-4 at pp. 10–24, 29–33, 26–47). This Court has stated that "'[w]itness fees are recoverable as a taxable cost under § 1920 if, at the time the deposition is taken, it appears likely that the testimony will be used in the case.'" *Members Only*, 2022 WL 2484553, at *4 (quoting *Deep Fix, LLC v. Marine Well Containment Co., LLC*, No. H-18-0948, 2020 WL 1845336, at *3 (S.D. Tex. Apr. 10, 2020)). This Court has also noted that

---

[1] Defendants have offered nothing to explain what a "written questions" fee is, and the Court declines to assume that such costs are recoverable under § 1920. Conceptually, it seems that a "written question" fee is disconnected from a subpoena. Yet, Defendants' invoices group them together with a backslash, suggesting some degree of connection. Accordingly, the Court treats them together. Regardless, at a minimum, the phrase "written questions" fee does not indicate in any way, shape, or form, that it should be considered a cost of making copies taxable under § 1920(4). Such costs also do not seem to be accounted for by another enumerated subsection of § 1920. Absent more, the Court declines to speculate as to what Defendants intend the term "written questions" fee to mean. Thus, the Court must disallow recovery of those costs because Defendants have not satisfied their burden to show that such costs are taxable under § 1920.

"'although courts do not ordinarily allow fees for witnesses who have not testified at trial, a court may award such a fee if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary.'" *Id.* (quoting *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984)). Indeed, 28 U.S.C. § 1920(3) permits the taxation of costs for witnesses. In discerning those costs, the Fifth Circuit has instructed that § 1920(3) be read in conjunction with § 1821, which sets the recoverable amount. *Holmes*, 11 F.3d at 64. That provision contemplates witness fees for attendance ($40/day), reasonable travel, lodging and subsistence during trial, as well as costs of attending a deposition. *See* 28 U.S.C. § 1821.

Here, the witnesses were not deposed in the true sense of the word, as they were only propounded written questions. Defendants do nothing to explain the basis for the $40 "witness fee" per witness that they seek, and the Court is not inclined to turn a blind eye to the deficiencies in Defendants' explanation regarding those requested costs. Critically, Defendants' Proposed Bill of Costs lists *nothing* next to the blank for "witness fees" (Dkt. #108-1 at p. 2). Without more, the Court cannot say that Defendants have satisfied their burden to demonstrate that the witness costs they seek are recoverable in these particular circumstances. Accordingly, the Court denies Defendants request for "witness fees" related to their depositions on written questions.

Plaintiff separately objects to Defendants requested costs of fifteen of Defendants' depositions on written questions as unnecessary and unreasonable (Dkt. #109 at p. 5). Thus, Plaintiff asks that, in the alternative, the Court reduce Defendants' award of costs. Having determined that Defendants are not entitled to recover fees associated with depositions on written questions, the Court need not reduce Defendants' requested award further. Plaintiff's objection

on this ground is, therefore, overruled. Accordingly, Defendants are only entitled to receive the $8,184.93 under § 1920.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Opposed Request to Enter Bill of Costs (Dkt. #108) is hereby **GRANTED in part** and **DENIED in part**. It is further **ORDERED** that Defendants be awarded costs in the amount of $8,184.93.

**IT IS SO ORDERED.**

SIGNED this 26th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE